JOHANNA F. SWEENEY, Appellant, v. THE CITY OF NEW YORK, Respondent.

Negligence — streets and sidewalks — New York (city of) — requirement of charter that notice of intention to bring action for injuries, caused by negligence of the city, must be filed with the corporation counsel — when letters detailing accident and making claim for damages mailed to finance department and by it delivered to corporation counsel constitute sufficient notice and filing thereof.

1. When it is said in a statute that a paper must be filed with an officer the requirement is complied with when the party delivers that paper to the officer at his official place of business and there leaves it with him. Whether he does this personally or by mail is immaterial, so long as it is actually received.

2. Plaintiff was injured, as she says, by stumbling over a defective cover of a hole in the sidewalk on the side of Pacific street near the Twenty-third Regiment Armory. Plaintiff's father wrote the finance department of the city, giving the time of the accident and adding: " There is a coal or vent hole in the sidewalk over which has been

placed a wooden cover which protrudes two or more inches above the sidewalk, one portion of which is broken off." Plaintiff's father again wrote referring to the accident, complaining of the delay, stating that if he heard nothing within a few days he would be obliged to place the matter in the hands of an attorney. Both of these letters were received by the finance department and came into the possession of the corporation counsel. Both letters were written at the plaintiff's request and on her behalf, within six months after the accident. The complaint was dismissed on the ground that the notice given was not sufficient. It is claimed that the complaint is defective in that it failed to allege that thirty days had elapsed since the demand was presented to the comptroller and that he thereafter for thirty days refused to make any adjustment of the claim. Such a statement should have been included in the complaint, but proof of both of these facts was received without objection. *Held,* that with this evidence in the case, the complaint should be deemed amended to conform to the proof. *Held, further,* that the point of the accident was clearly and definitely indicated and the letters sufficiently stated an intention to sue the city in case the claim was not settled. Hence the complaint should not have been dismissed.

*Sweeney* v. *City of New York,* 173 App. Div. 984, reversed.

(Argued November 26, 1918; decided January 14, 1919.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 1, 1916, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Theodore H. Lord* and *Charles W. Lucas* for appellant. There was a sufficient compliance with the statutory requirements as to notice. (*Werner* v. *City of Rochester,* 77 Hun, 33; 149 N. Y. 563; *Beyer* v. *City of North Tonawanda,* 183 N. Y. 338; *Sheehy* v. *City of New York,* 160 N. Y. 139; *Walden* v. *City of Jamestown,* 178 N. Y. 213; *Missano* v. *Mayor, etc.,* 160 N. Y. 123.)

*William P. Burr, Corporation Counsel* (*William B. Carswell* of counsel), for respondent. The complaint is insufficient on its face. (*Casey* v. *City of New York,* 217 N. Y. 192; *Bernreither* v. *City of New York,* 123 App. Div. 291.) The alleged notices were invalid. (*Casey* v. *City of New York,* 217 N. Y. 192; *Weisman* v. *City of New York,* 219 N. Y. 178; *Purdy* v. *City of New York,* 193 N. Y. 521; *Tynan* v. *City of New York,* 223 N. Y. 596; *Walker* v. *City of New York,* 150 App. Div. 280; *McClorey* v. *City of New York,* 158 App. Div. 946; *Bannon* v. *City of New York,* 150 App. Div. 314; *Raubin* v. *Vil. of Wellsville,* 83 App. Div. 581; *Learned* v. *Mayor, etc.,* 21 Misc. Rep. 601; *Van Hovenberg* v. *City of New York,* 83 Misc. Rep. 369.)

ANDREWS, J. No action to recover damages for personal injuries sustained because of its negligence may be maintained against the city of New York unless notice of an intention to begin such action and of the time and place where the injuries were received shall have been filed with the corporation counsel within six months after the cause of action shall have accrued. (Laws of 1886, chapter 572.)

This provision should be reasonably construed. Its purpose is to protect the city against unfounded claims by enabling its law officers to investigate promptly the circumstances surrounding the alleged accident and the place where it is said to have occurred. It is not a trap to catch the unwary or the ignorant.

On March 15th, 1913, the plaintiff was injured. She says she stumbled over a defective cover of a hole in the sidewalk on the side of Pacific street near the Twenty-third Regiment Armory. On March 18th her father mailed a letter to the finance department of the city,

18

giving the time of the accident and adding: " There is a coal or vent hole in the sidewalk over which has been placed a wooden cover which protrudes two or more inches above the sidewalk, one portion of which is broken off." This letter was received, and on March 27th came into the possession of the corporation counsel. Thereafter, an investigator from his department interviewed the plaintiff as to the accident. On June 18th the finance department received a second letter from the plaintiff's father again referring to the accident, complaining of the delay and stating that if he heard nothing within a few days, he would be obliged to place the matter in the hands of an attorney. On the 20th this letter was sent to the corporation counsel. Both letters were written at the plaintiff's request and on her behalf.

The complaint was dismissed on the ground that the notice given was not sufficient. No other question was raised or considered by the trial court. It is now said that the complaint is defective in that it failed to allege that thirty days have elapsed since the demand was presented to the comptroller and that he thereafter for thirty days refused to make any adjustment of the claim. (Greater New York Charter [L. 1901, ch. 466], section 261.) It is quite true that such a statement should have been included in the complaint. (*Casey* v. *City of New York*, 217 N. Y. 192.) But proof was received without objection that at least as early as March 19th the comptroller received a letter which was and which he treated as a claim and that on July 25th this claim was rejected by him. With this evidence in the case, the complaint should be deemed amended to conform to the proof.

The important questions for our consideration, therefore, are whether the two letters can be considered a notice within the meaning of the act of 1886. Were they filed with the corporation counsel? Do they adequately

state the place of the injury and an intention to begin an action? All these questions we answer in the affirmative.

" Notice " is to be given of certain facts and purposes. It must be more than an oral notice for it is to be filed, but its form is not specified nor is any signature or oath required. It may be drawn by the ignorant or the illiterate, but the information required is to be communicated in writing to the corporation counsel. He is to be told of the accident, of its time and place and that the person injured intends to sue the city.

If such information so comes to him, the object of the statute is attained. Whether in one paper or two is immaterial. In either event, he has before him in writing the knowledge which the legislature intended that he should have so that he may properly protect the city.

The verb " to file " may ·be used in various senses. When as in this statute it is said that a paper must be filed with an officer the requirement is at least complied with when the party delivers that paper to the officer at his official place of business and there leaves it with him. Whether he does this personally or by mail is, we think, immaterial, so long as it is actually received. In *Gates* v. *State of New York* (128 N. Y. 221) a notice was mailed but there was no proof that it was received by the board to which it was addressed. The notice may be left by an agent. Finally, in construing this same statute, we held in *Missano* v. *Mayor, etc., of N. Y.* (160 N. Y. 123) that it is enough if the corporation counsel actually and seasonably receives the notice from another official to whom it may have been mistakenly delivered. It is true we there speak of his having received and filed the notice. We speak of his examination of the plaintiff. Both remarks were appropriate in the case cited. And in any case similar evidence is competent for the paper or papers received by the corporation counsel must be in such form that he knows or should know that they

contain the information he is entitled to have, and where he acts upon it, it shows to some extent that the paper was not intended for nor taken as a mere bit of casual news. In the *Missano* case the notice was actually filed by the comptroller. That fact was not material to the result. The rule we adopt is that if a paper of the character required comes into his possession within the time limited by the statute, it is unimportant how the possession is acquired. The object of the statute is accomplished.

We think the place of the accident was sufficiently indicated. The rule as to this matter is clear. As we said in *Purdy* v. *City of New York* (193 N. Y. 521) all that the statute requires is such a statement as will enable the authorities to locate the place of the accident. No particular form of words is required. Measurements need not necessarily be given. Any description adequate for the purpose is enough.

It is when we come to apply this rule to particular instances that difficulty arises. Every case is a law to itself. A broken culvert would be one thing; one hole in a pavement among many another. Does the notice, whatever it is, fairly indicate to the authorities the place of the accident so that they may readily find it and make proper investigation?

A review of some recent cases in this court shows the narrow line between the good and the bad. In *Purdy* v. *City of New York* (193 N. Y. 521) Milford street was a mile long. The notice spoke of the opening, gully or trench running across the sidewalk. Which sidewalk was not stated. We thought that under the circumstances the authorities might have been misled. This case is on the border line and in holding the notice defective we went as far as we are disposed to go. In *Casey* v. *City of New York* (217 N. Y. 192) the notice spoke of " a hole in the pavement on the public highway at or about Washington Street near Vestry Street." As

we pointed out this was most indefinite. The place
indicated might not even be in Washington street. The
notice did not state on which side of Vestry street it
was. No one could locate the place with accuracy. In
*Weisman* v. *City of New York* (219 N. Y. 178) the
plaintiff gave the date of accident as eight days too
early. We held that this made the notice invalid. In
*Tynan* v. *City of New York* (223 N. Y. 596) the notice
gave the place of accident as the northeast corner of
Flushing avenue and Garden street and complained of
the condition of crosswalk, pavement or sidewalk. Here
again we thought the notice too indefinite. Many defects
might exist in that locality, any one of which might
have caused the accident. It was because the particular
one complained of could not be identified that we held
the notice insufficient. On the other hand in *Werner*
v. *City of Rochester* (149 N. Y. 563) the notice spoke
of a large pile of dirt in the middle of the street about
one-third of a mile east of a railroad track. That notice
we held good. We thought that as the defect was
obvious it sufficiently indicated the place where the
accident was said to have occurred.

In the case at bar the street was given, the sidewalk, the
approximate location upon it of the accident, the nature of
the obstruction and a detailed description of it which could
hardly have been mistaken. The attention of the city
authorities was clearly called to precisely what was com-
plained of. The point of the accident was definitely
indicated.

The two letters also sufficiently stated an intention
to sue the city in case the claim was not settled. (*Sheehy*
v. *City of New York*, 160 N. Y. 139.) The first describes
the accident, states that it is written so the city may
investigate, and asks that the matter be given attention.
The second complains of delay, said the matter had
been investigated and states that unless the writer hears

from the comptroller promptly he will be compelled to place it in the hands of an attorney. This seems to us to be fairly a notification that a suit would be begun.

The judgment appealed from should be reversed and a new trial ordered, with costs to abide the event.

McLAUGHLIN, J. (dissenting). Action to recover damages for a personal injury sustained by stepping into a hole in one of the streets of the city of New York. Plaintiff was nonsuited at the trial on the ground that the notice served was insufficient under the statute. Judgment to this effect was entered, which was unanimously affirmed by the Appellate Division. Leave was given to appeal to this court.

I am unable to concur in the decision about to be made reversing the judgment appealed from and granting a new trial.

The statute (Laws of 1886, chap. 572) provides that an action to recover damages against any city of the state having a population of 50,000 or over, on the ground of negligence, cannot be maintained " unless notice of the intention to commence such action and of the time and place at which the injuries were received shall have been filed with the counsel to the corporation or other proper law officer thereof within six months after such cause of action shall have accrued."

Section 261 of the Greater New York charter provides: " No action  *  *  *  shall be prosecuted or maintained against the City of New York, unless it shall appear by and as an allegation in the complaint  *  *  *  that at least thirty days have elapsed since the demand, claim or claims upon which such action  *  *  *  is founded were presented to the comptroller of said city for adjustment, and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment  *  *  *."

The plaintiff was injured on the 15th of March. On the 18th of March her father, acting for her, mailed a letter addressed to the " Finance Department " of the city, stating:

" I wish to notify you of a serious accident to my daughter, Johanna F. Sweeney, which happened Saturday evening, March 15th, on Pacific Street, near Bedford Avenue, Brooklyn.

" On the side of Pacific Street near the 23rd Regiment Armory there is a coal or vent hole in the sidewalk, over which has been placed a wooden cover, which protrudes two or more inches above the sidewalk, one portion of which is broken off, and while walking along she struck her foot against said cover and has either broken or sprained her ankle very badly. * * *

" Trusting you will give this matter the necessary attention."

On the 20th of March the deputy comptroller acknowledged receipt of the letter and stated that the communication had been entered as a claim and " referred to the Division of Claims of this Department for investigation." On the 17th of June following, plaintiff's father mailed another letter, addressed to the " Finance Department," in which, after referring to the letter of the 18th of March, he said: " I feel that this matter has gone long enough without some attention being paid to it on your part and I trust you will give the matter immediate attention. I have tried to place this matter before you in a business way, feeling that you would treat it the same, and evidently it is being passed up with very little attention being given it. I hope to hear from you within the next few days; otherwise I will be compelled to place the matter in the hands of an attorney."

The receipt of this letter was acknowledged by the deputy comptroller and plaintiff's father informed that the claim had been referred to the corporation counsel

for an opinion as to the liability of the city. Both of the letters from plaintiff's father were sent by the comptroller to the corporation counsel for the purpose of obtaining his opinion as to whether the city were liable. The corporation counsel advised the comptroller that the city was not liable and the comptroller thereupon so informed plaintiff's father. This action then followed.

The only allegation in the complaint as to filing notice of the claim or of an intention to sue is found in paragraph eleven, which reads as follows: " That immediately after said accident occurred and on the 18th of March, 1913, the plaintiff caused to be filed a notice with the Comptroller of the City of New York of her intention to commence this action, and of the time when and place where her damages were incurred or sustained. That said Comptroller, within six months after the happening of said accident, caused said notice of plaintiff's intention to commence such action served on him as aforesaid, to be transmitted to the Corporation Counsel of the City of New York, and said notice was actually acted upon by said Corporation Counsel and the said Corporation Counsel investigated said accident and reported thereon. That neither the Comptroller of the said City, nor the Corporation Counsel of the said City, have made any adjustment or settlement of said claim."

When the action came on for trial the learned trial justice, no motion or request having been made by either party, said: " On looking over the papers I shall have to dismiss the complaint on the ground that the notice is insufficient and that the city is not liable. If you wish testimony you may put in just what is necessary for the purpose of reviewing the question. The notice will be put in, of course." Thereupon the counsel agreed if the case could be postponed for two days the facts could be agreed upon. This was done and the statement of facts set forth in the record agreed upon.

There are three reasons which, as it seems to me, prevent a recovery by plaintiff: (1) The notice required by the statute was not filed; (2) no notice was ever filed by plaintiff, or any one acting for or on her behalf, with the corporation counsel; and (3) the complaint does not state a cause of action.

*First.* The letter of March 18th, which is the one alleged in the complaint to constitute a notice, is not such notice as the statute requires. That letter does not contain a word indicating an intention to sue, which is a prerequisite to the maintenance of an action of this character. The letter of June 17th recognized this fact; otherwise there is no meaning to the statement, " I have tried to place this matter before you in a business way, feeling that you would treat it the same." Nor do I think the letter of June 17th contained a statement, if the claim were not paid, of an intention to sue. It is true the statement is therein made that plaintiff would be compelled to place the matter in the hands of an attorney, but this was not equivalent to a statement that unless the claim were paid an action would follow. Claims are usually, in the first instance, placed in the hands of an attorney for the purpose of obtaining his advice as to whether an action should be commenced. The notice which the statute here requires is one from which it can be seen that unless the claim is adjusted an action will be brought. Neither of these letters, nor both of them taken together, constitute such statement. Not only this, but I do not think that the notice required can be made up of a series of letters mailed to the finance department of the city. The notice contemplated by the statute must consist of a definite statement in writing, filed, not in the finance department, but with the corporation counsel. Filing the claim with the proper official goes to the jurisdiction and the right to any recovery whatever. The right of a party to recover for personal injuries of the

character of the one under consideration is given by the statute and the conditions therein provided as to procedure must be strictly complied with. The words used are not obscure. The action cannot be maintained unless the notice " shall have been filed with the counsel to the corporation." To constitute a filing there must have been a delivery by or on behalf of the party making the claim at the office of the corporation counsel. This court, in principle, so held in *Gates* v. *State* (128 N. Y. 221). The statute having prescribed the procedure, a party must bring himself strictly within the terms laid down. This seems to have been the view of this court, as indicated in recent decisions. (*Tynan* v. *City of New York*, 223 N. Y. 596; *Weisman* v. *City of New York*, 219 id. 178; *Casey* v. *City of New York*, 217 id. 192; *Purdy* v. *City of New York*, 193 id. 521.)

*Second.* The plaintiff never intended to and never did file a notice with the corporation counsel. The letters were addressed to the finance department. But it is said that because the comptroller submitted these letters to the corporation counsel for his opinion as to the liability of the city, that that constituted a " filing " as required by the statute. The corporation counsel is the legal adviser of the comptroller. The latter not only has the right, but it is his duty if in doubt as to the validity of a claim, to go to the corporation counsel for advice. ·That is all the comptroller here did. When he sent the letters to the corporation counsel he was acting, not for the plaintiff, or on her behalf, but solely for the city. To hold that this constituted a filing within the terms of the statute is to destroy its beneficial effect.

*Third.* The complaint does not state a cause of action. There is no allegation in it to the effect that the notice required by the statute had been filed with the corporation counsel by the plaintiff or that at least thirty days had elapsed since the claim was presented to the comp-

troller for adjustment and that he had "neglected or refused to make any adjustment or payment." The allegation of the complaint is that notice was filed with the comptroller and he transmitted it to the corporation counsel. The notice, as I have already indicated, must be filed by the plaintiff or by some one acting on her behalf. This notice, if it be assumed that the two letters constituted one, was never transmitted to the corporation counsel for the plaintiff. The comptroller was not acting for her nor could he or the corporation counsel, in my opinion, waive the provisions of the statute. (*Buckles* v. *State of New York*, 221 N. Y. 418.)

The complaint is also defective in that it does not comply with the section of the charter before quoted. There is no allegation in the complaint that the comptroller "*has neglected or refused to make any adjustment or payment.*" The allegation is: "That neither the Comptroller of the said city nor the Corporation Counsel of the said city have made any adjustment or settlement." The words "adjustment or settlement" are not equivalent to an allegation that the comptroller "*has neglected or refused to make any adjustment or payment.*" This is precisely what this court held in *Casey* v. *City of New York* (*supra*). But it is said the pleadings may be conformed to the proof and thereby make a good complaint out of a bad one. There is no proof in the record, as I read it, bearing on the subject. The facts were stipulated for one purpose and one purpose only, viz., to have the record present the one question which induced the trial court to dismiss the complaint.

Entertaining these views, I vote to affirm the judgment appealed from.

CHASE, HOGAN and CARDOZO, JJ., concur with ANDREWS, J.; McLAUGHLIN, J., dissents in opinion; HISCOCK, Ch. J., and POUND, J., concur with McLAUGHLIN, J., the former on second ground stated in opinion.

Judgment reversed, etc.