disastrous to a municipality, which, like most others, is in urgent need of funds for running expenses and appears to be at or above its debt limit, to compel municipal acquisition and operation of utility plants which from all human experience are usually conducted more efficiently and economically by private owners.

The rule to show cause is discharged, with costs.

HENRY LOELOFF, PROSECUTOR, v. KELLY PRESS DIVISION OF AMERICAN TYPE FOUNDRY COMPANY, RESPONDENT.

Argued October 4, 1932—Decided November 10, 1932.

The opinion of Judge Thompson, in the Court of Common Pleas, is as follows:

"This appeal involves solely a question of law. The question is whether mailing a report of an accident by the employer to the department of labor is such a compliance with the provisions of chapter 187 of the laws of 1924 as will preserve the defense of the employer under paragraph 23 (h) of chapter 95 of the laws of 1911, as amended by chapter 93 of the laws of 1919. By the two last mentioned statutes the employe is barred from compensation under the Workmen's Compensation act unless a petition is filed with the workmen's compensation bureau in Trenton within one year after the date of the accident. By the first mentioned statute

(chapter 187, laws of 1924, paragraph 6) an employer or insurance carrier failing to make the report required by the act is deprived of the defense that the employe did not file his petition within one year. This case rests upon the construction to be given to the provisions of chapter 187 of the laws of 1924 as to what constitutes a compliance with the act in respect to making the report of the accident by the employer.

"It is stipulated in the instant case that the employer mailed a notice of the accident, but there is no record of its having been received or being on file. It is also stipulated that the petitioner did not file his claim within one year from the date of the accident. On this agreed state of facts below the deputy compensation commissioner dismissed petitioner's claim.

"It is the contention of the petitioner-appellant that chapter 187 of the laws of 1924 required the employer to file a report of the accident, not merely to *mail it*. The respondent contends that proof of *mailing* is sufficient, irrespective of whether the mailed notice reached the workmen's compensation bureau and was filed.

"We must look to the wording of the act for enlightenment. Section 1 provides as follows:

" 'Upon the happening of any accident or the occurrence of any compensable occupational disease in any employment of labor in this state, report thereof shall be made as follows:

" 'Any employer carrying insurance as required by chapter 178 of the laws of 1917, shall, when an accident occurs to one of his employes, or an employe contracts a compensable occupational disease, make report thereof in accordance with the terms of his insurance policy. Such report shall be prepared in triplicate upon a form, designated as 'first notice of accident,' to be furnished by the insurance carrier. One copy shall be *sent* to the department of labor of the state, one copy to the insurance carrier, and one copy shall be kept on file by the employer. A supplemental report shall be prepared on a form designated as 'supplemental report,' and *sent* in like manner, at the expiration of the waiting period prescribed by paragraph 13 of the Workmen's Compensation act.

If, however, the employe is able to resume work before the expiration of said waiting period, the supplemental report shall be sent immediately upon his return. Thereafter the employer shall promptly furnish the carrier whatever information is demanded and necessary to enable it to carry out the intent of the Workmen's Compensation act. These reports on the first notice and supplemental forms, *filed* with the state, must be signed by the employer and *mailed* by him directly to the workmen's compensation bureau, as a check on the operations of the insurance company.'

"The italicizing in the above quotation from the statute is mine, to indicate the words used with reference to the transmission or lodgement of the report to and with the workmen's compensation bureau. It will be noted that in three of the instances the reports are required to be 'sent' to the bureau, and in a fourth instance the act provides that the report *'must'* be signed by the employer and *'mailed'* by him directly to the workmen's compensation bureau. The only place the word *'filed'* is used in this section is in the last sentence where it occurs in the more or less parenthetical phrase, 'filed with the state,' and apparently used in this connection as though synonymous with *'sent'* or *'mailed.'* In other words, while it is clearly the intent of the act that the report shall be on file with the workmen's compensation bureau, it nevertheless plainly prescribes or permits the method of transmitting the reports to the bureau for filing and where such method is prescribed or permitted I am of the opinion that a compliance with the designated method on the part of the employer is a compliance with the act. I think the designation of the method of transmission by mailing was in recognition of the hardship that would be imposed by personal filing from all parts of the state in Trenton, and also in recognition of the general reliability of the mails for safe transmission. With those two things in mind the legislature undoubtedly conceived that the purpose of the act would be achieved as a rule by the sending or mailing of reports for filing.

"In accordance with the views above expressed the decision of the commissioner below will be affirmed and the appeal dismissed."

Before Justices PARKER and LLOYD.

For the prosecutor, *Russell Fleming.*

For the respondent, *Wall, Haight, Carey & Hartpence.*

PER CURIAM.

The judgment of the Union County Court of Common Pleas in this cause is affirmed, for the reasons stated in the opinion of Judge Thompson.

KATHERINE ARCHER, PROSECUTRIX, v. FIRST CRIMINAL JUDICIAL DISTRICT COURT OF THE COUNTY OF BERGEN.

Submitted November 4, 1932—Decided November 7, 1932.

Before Justice PARKER, at chambers, pursuant to the statute.

For the prosecutrix, *Jacob S. Karkus.*

For the defendant, *George F. Losche,* deputy attorney-general.

PARKER, J. This case seems perfectly clear to me. The prosecutrix, and some nineteen others, each of whom, as I understand the matter, obtained a writ of *certiorari* from the Chief Justice at sometime last summer, were charged and convicted of being disorderly persons within the intent and