Walsh and McGee Steel Company, Respondent, *v.* Fidelity and Deposit Company of Maryland, Appellant.

(Argued December 8, 1932; decided January 10, 1933.)

*Fred Boehm, Thomas E. White* and *Wallace P. Harvey* for appellant. Plaintiff's right of action against the defendant surety having been created by statute, strict compliance therewith is required. (*Franklin Lumber Co.* v. *Globe Indemnity Co.*, 130 Atl. Rep. 608; 133 Atl. Rep. 919; *Warren Bros.* v. *Hartford Accident & Indemnity Co.*, 133 Atl. Rep. 479; *Fireproof Products Co.* v. *Dreher*, 141 Atl. Rep. 795; *Shannon* v. *Continental Casualty Co.*, 148

Atl. Rep. 738; *Clark Plastering Co.* v. *Seaboard Surety Co.*, 235 App. Div. 444.)

*Harald R. Topken* for respondent. The defendant was furnished with a statement sufficient under the statute. (*Missano* v. *Mayor*, 160 N. Y. 123; *Sweeney* v. *City of New York*, 225 N. Y. 271; *Brost* v. *Whitall Tatum Co.*, 89 N. J. Eq. 531; *Fehling* v. *Goings*, 67 N. J. Eq. 375; *St. John's College* v. *Ætna Indemnity Co.*, 201 N. Y. 335; *United States* v. *American Surety Co.*, 200 U. S. 197; *Illinois Surety Co.* v. *Davis Co.*, 244 U. S. 376; *Maryland Casualty Co.* v. *Fowler*, 31 Fed. Rep. [2d] 881; *McKegney* v. *Illinois Surety Co.*, 170 App. Div. 261; *Fass* v. *Illinois Surety Co.*, 177 App. Div. 596.)

CROUCH, J. The plaintiff furnished materials to a contractor having a highway construction contract in New Jersey. Defendant is surety on the contractor's bond which runs to the State of New Jersey. In accordance with the New Jersey statute (Laws 1918, ch. 75) a condition of the bond is the payment by the contractor of all lawful claims of materialmen. Plaintiff's claim was not paid. This action is brought on the bond to recover the amount thereof from the surety. The statute provides that any person to whom money is due for materials furnished on such a contract shall, within eighty days after the acceptance of the work by the duly authorized board or officer, furnish the sureties on the bond " a statement of the amount due; " and that if the indebtedness is not paid at the expiration of sixty days after the furnishing of said statement, suit may be brought by the claimant in his own name.

The complaint pleads the statute and alleges acceptance of the work by the State Highway Commission of New Jersey on September 29, 1925, the giving of a statement of the amount due thereafter to the said Commission and to the defendant, failure to pay and the lapse of more than sixty days from the giving of the statement.

The proof shows that plaintiff did not furnish to the defendant a statement of the amount due within eighty days after acceptance. It appears that a small fund consisting of a retained percentage was in the hands of the Highway Commission. Plaintiff, apparently under the impression that it had obtained a preference on that fund by filing a claim for the amount due it with the Highway Commission, chose not to furnish the statutory statement to defendant, although the necessity for so doing if it were to claim under the bond was twice called to its attention. An attorney, retained by defendant to ascertain how much money was in the hands of the Highway Commission and what claims had been filed against the fund, was informed of the bare fact that plaintiff had filed such a claim for a stated amount. Upon these facts it has been held below that there was a sufficient and substantial compliance with the statute and plaintiff has had judgment. Information, casually acquired that plaintiff had made claim to a fund in the hands of the Highway Commission was not information given by plaintiff that plaintiff intended to claim under the bond; nor was it information which would naturally move the surety to investigate the claim, and satisfy itself before being called upon to pay — a matter which the statute evidently contemplates. Such cases as *Missano* v. *Mayor, etc., of City of New York* (160 N. Y. 123) and *Sweeney* v. *City of New York* (225 N. Y. 271) are not in point. The substantial purpose of the statute was fulfilled under the facts in those cases. The city was left in no doubt that claims were being made against it and the details of the claims were in its possession so that due investigation could be made. The contrary is true here.

The judgment of the Appellate Division and that of the Special Term should be reversed and the complaint dismissed, with costs in all courts.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.