In the Matter of the Petition of GEORGE F. MAY, Petitioner, against CITY OF MOUNT VERNON, Respondent.

County Court, Westchester County, January 13, 1944.

*Seth T. Cole* for petitioner.

*Arthur H. Ellis, Corporation Counsel,* for respondent.

J. ADDISON YOUNG, Official Referee. This proceeding is brought pursuant to section 205 of the General Municipal Law which

provides for payments to be made to injured, or representatives of deceased, volunteer firemen in certain cases.

The petitioner in this proceeding was injured on September 25, 1942. At that time he was a volunteer fireman and an active member of engine company No. 3 of the Fire Department of the City of Mount Vernon. He was injured and brings this proceeding for reimbursement for medical and hospital expenses of $241 and for compensation, at the rate of $20 per week for the period of his disability, amounting to $100, a total of $341.

The essential facts are undisputed. It appears that on the day mentioned the petitioner was informed by a member of his company that the application blanks to enable the company to obtain gasoline necessary for their use in their own cars in performing their duties as volunteer firemen had been received at the fire house, and that the members should report there for the purpose of executing applications for such gasoline. The petitioner did report at the fire house the same evening. The fire house is a building three stories high. On the ground floor is the fire apparatus; on the second floor are meeting rooms, sleeping quarters and space for recreational facilities for both paid and volunteer members of the Department, such Department being partly paid and partly volunteer. The petitioner reported to the captain of his company on the ground floor and he and the captain went to the second floor where the application for the gasoline rations was filled out and signed by the petitioner. After the business was completed, petitioner, for a few moments, watched a card game, then played a game of ping pong and then he sat down on a cot near the ping pong table and watched some other members play ping pong. While thus seated he was struck in the eye with a ping pong bat or paddle which was being used by one of the players, and sustained a serious injury to his eye which disabled him for a period of five weeks.

The City of Mount Vernon resists the claim on two grounds; first, that the petitioner is not entitled to compensation under the provisions of section 205 of the General Municipal Law, because his injury was not received while he was in the performance of his duty as a volunteer fireman and, second, that petitioner is not entitled to recover because a notice of his injury was not given as required by section 205 of the General Municipal Law. In my judgment if may fairly be said that the petitioner's injury was received while in the performance of his duty. The statute referred to states: " Any such volunteer fireman who shall receive injuries while performing his duties

as such, while in the fire house, while going to or returning from a fire by any means of travel, transportation, or conveyance whatever, or while working at the fire or answering a call or fire alarm or while officially engaged in testing or inspecting the apparatus, or equipment, or while engaged as a member of a fire department, or fire company, emergency relief squad or fire police squad, * * * so as to necessitate medical or other lawful remedial treatment or prevent him from following his usual vocation on account thereof, shall be reimbursed for such sums as are actually and necessarily paid for medical or other lawful remedial treatment, not exceeding five hundred dollars. He shall also be compensated for the time he was actually and necessarily prevented from following his vocation * * * at the rate of twenty dollars per week not to exceed one thousand dollars." (General Municipal Law, § 205.)

Counsel for the petitioner asserts that it is sufficient to support the present claim because the petitioner was injured while in the fire house. I doubt, however, if this is the correct construction of the statute. I do think, however, that it should be held that the petitioner was injured while in the performance of his duty as a fireman. Undoubtedly he was performing his duty as a volunteer fireman when he went to the fire house to procure the gasoline ration necessary for his attending fires. It is true that he had completed that duty but I do not believe that it was the petitioner's obligation to leave the fire house immediately after he had signed the application for the gasoline. He was there in connection with the performance of his duty and was injured about half an hour after such application had been signed by him.

The second objection raised by the City of Mount Vernon in my opinion is more serious. Section 205 of the General Municipal Law referred to provides: " No such claim shall, however, be allowed, unless, within sixty days after receiving such injuries, written notice thereof be served by mail or otherwise on the comptroller or chief financial officer of the city ".

It is conceded that no notice was served upon the Comptroller or chief financial officer of the City. It was shown by the petitioner that in January, 1940, an order was made by the Fire Commissioner of the City of Mount Vernon which, among other things, added a new section No. 58 to the rules and regulations of the Fire Department of the City as follows: " Any member injured while in the performance of fire duty, shall immediately report the nature of injury to the Commanding Officer of his Company, who shall make a full and complete report on forms

provided, to the Chief of Department within one day after said injury.''

It was shown that a report of petitioner's injury was duly made by the commanding officer of petitioner's company to the Chief of the Fire Department and the same was transmitted by the Chief to the Fire Commissioner who, in turn, transferred it to the Corporation Counsel. This report, I believe, was sufficient as to details of petitioner's injury. There was evidence given by a former chairman of the law committee of the Officers Association of the Mount Vernon Fire Deparment that it was a part of his duty to take care of the filing of notices of injuries to volunteer firemen and that previous to 1940, when the rule was made as above set forth, he performed this duty in each case and saw to it that such notices were filed with the Comptroller of the City. He further testified that at a conference with the Fire Commissioner and the Chief of the Fire Department previous to or about the time that the new rule was made, he was told by those officers that the new form of report of injury would take the place of the notices previously sent to the City Comptroller, and that it would no longer be necessary for him to file such notices as everything would be taken care of by the Fire Commissioner. This witness testified also that after this conference he believed it was no longer necessary for him to file notices with the City Comptroller and that the report filed with the Fire Commissioner was all that was necessary. This is the reason given why the notice in the present case was not filed with the Comptroller by the petitioner.

It is argued by the attorney for the petitioner that this action constitutes an estoppel and that the City cannot be heard to allege that it did not receive a proper notice of petitioner's injury. I think there is no merit in this claim because the Fire Chief and the Fire Commissioner had no authority to speak for the City in making the statements referred to.

The case of *Sweeney* v. *City of New York* (225 N. Y. 271) does not help the petitioner. In that case the notice was held sufficient because it finally reached the proper officer. In the present case the notice never reached the Comptroller. On the facts presented, I am constrained to hold that the petitioner cannot recover because of his failure to serve the notice of his injury upon the Comptroller of the City as required by section 205 of the General Municipal Law.