OPINION OF THE COURT
Bentley Kassal, J.
Plaintiff moves for an order striking the second affirmative defense, which alleges a failure to comply with the notice of claim provisions of section 1212 of the Public Authorities Law, or in the alternative, seeks leave to amend the notice of claim, nunc pro tune. The defendant has cross-moved to dismiss the second cause of action.
None of the papers prepared in this matter, including the notice of claim, complaint, answer and the papers submit *284 ted on this motion, are examples of precision or clarity. In fact, it is primarily this lack of clarity which has resulted in the instant motions.
FACTS
On July 28, 1977, the decedent Colandus Vines was fatally injured in the defendant’s subway station. On October 19, 1977, Judith Vines, denominating herself as “Proposed Administratrix of the Estate of Colandus Vines” served a notice of claim, pursuant to section 1212 of the Public Authorities Law, alleging as damages, “Death as a direct result of the above accident with conscious pain and suffering.”
On November 18,1977, Judith Vines testified at a hearing before the defendant at which the following colloquy took place:
“[Examiner for the defendant] Has she been appointed Administratrix, if so, would you please produce her appointment?
“[Attorney for plaintiff] She has not yet been appointed.
“[Examiner for the defendant] Have you filed for the appointment?
“[Attorney for plaintiff] No, but I see that the check is in the file which means she should be filing quite quickly, in the near future.” ***
“[Examiner for the defendant] Counsel, when she is appointed Administratrix, would you furnish us with a copy of the Letters of Administration?
“[Attorney for plaintiff] Absolutely.”
Thereafter, on January 27, 1978, letters of administration were issued appointing Judith Vines as administratrix and, on February 10, 1978, a complaint was served which named as plaintiffs, “Judith Vines, as administratrix of the goods, chattels and credits which were of Colandus Vines, deceased, and Judith Vines individually”. The complaint contained two causes of action: (1) conscious pain and suffering; and (2) wrongful death. The answer interposed by the defendant pleaded as a second affirmative defense to each cause of action: “Plaintiff Judith Vines, individually, herein has failed to comply with the *285 provisions of the Public Authorities Law of the State of New York, in that she has failed to serve a notice of claim.”
CLAIM IN INDIVIDUAL CAPACITY
Although addressed by neither party on this motion, the affirmative defense quoted above is expressly limited to a challenge of the claims asserted by “Judith Vines, individually”. On the other hand, the complaint seeks damages solely in her representative capacity, as administratrix. Significantly, under the EPTL, both the claims for conscious pain and suffering (EPTL 11-3.2) and wrongful death (EPTL 5-4.1) are only maintainable by the personal representative of the decedent and not by an individual.
Accordingly, to the limited extent that the cross motion may be interpreted to seek to dismiss the claims by Judith Vines in her individual capacity under both the first and second causes of action, the same is granted.
NOTICE OF CLAIM
The essence of the defendant’s position on these motions is that the plaintiff may not maintain this action because she had not been appointed as administratrix at the time that the notice of claim was filed and did not file a new notice of claim after her appointment. Such a claimed disability to maintain the action would have to be pleaded as an affirmative defense pursuant to CPLR 3018 (subd [b]). However, as indicated above, the defendant’s answer was limited in that it only challenged Judith Vines’ capacity to maintain this action “individually”.
However, even if this issue had been properly raised in the defendant’s answer, the motion to strike the affirmative defense would be granted. Pursuant to section 50-e (subd 3, par [c]) of the General Municipal Law, if the notice served does not comply with its provisions, the defendant has an affirmative duty to return the notice specifying the defect within 30 days after the notice is received. If the notice is received by the proper party and not returned or if the defendant demands to examine the person serving the claim, the service is deemed valid. While this section appears to be directed primarily to the form of service of *286 the notice of claim, the principle should be equally applicable here.
In this case the notice of claim served set forth the name and address of the claimant, her attorney and all other required data as to the accident. It also indicated that the claimant intended to seek appointment as administratrix and proceed in that capacity (which she eventually did). Although this fact was discussed at the defendant’s hearing, absolutely nothing was said or done to demonstrate that defendant intended to reject the notice. To the contrary, defendant’s examiner merely asked that he receive a copy of the letters of administration when issued.
As the Court of Appeals stated in Sweeney v City of New York (225 NY 271,273), such notice of claim provisions are “not a trap to catch the unwary or the ignorant.” (See, also, Bender v New York City Health & Hosps. Corp., 38 NY2d 662.) The beneficial purposes of the statute, to provide the public corporation with timely notice so that there is an adequate opportunity for a prompt investigation (Sandak v Tuxedo Union School Hist. No. 3, 308 NY 226), have been fully met by the notice herein. (Mazzio v City of New York, 99 NYS2d 95.)
Examination of the hearing record shows that all the requisite and intimate questions of the decedent’s life were fully presented, including, for example, his relatives, dependents, employment and financial background and contributions made, drinking habits, girlfriends, etc. There is no claim of surprise or lack of knowledge by the defendant which could be presented in good faith. In essence, that is the purpose of the notice of claim and hearing and, as stated in subdivision 5 of section 50-e of the General Municipal Law, the “public corporation or its attorney * * * acquired actual knowledge of the essential facts constituting the claim”.
The failure to advise the plaintiff of ahy defect at the time of service of the notice of claim or at the hearing or by raising it in the answer constitutes a waiver of the defendant’s rights to now reject the notice and estops the defendant from seeking dismissal of the action at this time. (Teresta v City of New York, 304 NY 440.)
*287 CONCLUSION
Accordingly, the cross motion to dismiss is granted as to the claims asserted by Judith Vines in her individual capacity in both causes of action and the motion to strike the second affirmative defense is granted.