Barry Perry appeals the summary judgment entered in favor of the City of Birmingham on the ground of his failure to notify the City of his claim as required by law. We affirm.
On July 28, 2003, Perry sued the City of Birmingham for negligently maintaining the sidewalk outside the Social Security office. He alleged that, on October 28, 2002, he suffered injuries when his wheelchair overturned as a result of a defect in the sidewalk. The City moved to dismiss or, in the alternative, for a summary judgment on the ground that Perry did not file his claim within six months of his injury as required by § 11-47-23 and § 11-47-192, Ala. Code 1975. The City submitted an affidavit from the City clerk, who stated that she had no record of any claim or lawsuit filed by Perry within six months of October 28, 2002.
Perry responded and submitted an affidavit from the secretary of his attorney. The secretary stated that she had mailed Perry's verified notice of claim on February 25, 2003. Attached to her affidavit was a copy of Perry's verified notice of claim. Thereafter Perry amended his complaint to assert that his accident and injuries had occurred on August 28, 2002 as a result of the negligent maintenance of the sidewalk.
After a hearing, the trial court entered summary judgment in favor of the City on the ground that Perry did not, within six months of his injuries, file notice of his claim with the City clerk. Perry filed a motion to reconsider on the ground that the mailing of his claim was in fact a filing. The City opposed the motion to reconsider. The trial court denied Perry's motion on the ground that "mailing [i]s not the same as filing" a claim and that Olsen v. Moffat Road Veterinary Clinic, 441 So.2d 971
(Ala.Civ.App. 1983), cited by the City, is controlling.
On appeal, Perry contends that, because his filing a claim is not the same as filing an appeal of an unemployment compensation determination, Olsen is not controlling. Citing Laffey v.Philadelphia Reading Coal Iron Co., 125 Pa.Super. 9,189 A. 509 (1937), Loeloff v. Kelly Press Division of American TypeFoundry Co., 10 N.J.Misc. 1156, 163 A. 1 (1932), and Sweeney v.City of New York, 225 N.Y. 271, 122 N.E. 243 (1919), Perry contends that a claim is filed when the claim is mailed.
Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Rule 56(c)(3), Ala. R. Civ. P., and Dobbs v. Shelby County Econ. Indus. Dev.Auth., 749 So.2d 425 (Ala. 1999). The court must accept the tendencies of the evidence most favorable to the nonmoving party and must resolve all reasonable factual doubts in favor of the nonmoving party. System Dynamics Int'l, Inc. v. Boykin,683 So.2d 419 (Ala. 1996). In reviewing a summary judgment, an appellate court, de novo, applies the same standard as the trial court. Dobbs, supra.
Section 11-47-23, Ala. Code 1975, provides that
 "[a]ll claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from accrual of said claim or shall be barred. Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred." *Page 176 
Section 11-47-192, Ala. Code 1975, provides that
 "[n]o recovery shall be had against any city or town on a claim for personal injury received, unless a sworn statement be filed with the clerk by the party injured or his personal representative in case of his death stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed."
"`These statutes are to be construed as being in parimateria.'" Etherton v. City of Homewood, 741 So.2d 1078, 1080
(Ala. 1999) (quoting Poe v. Grove Hill Mem'l Hosp. Bd.,441 So.2d 861, 863 (Ala. 1983)). The filing of a complaint against a municipality within six months of a personal injury satisfies the requirements of both § 11-47-23 and § 11-47-192. Diemert v. Cityof Mobile, 474 So.2d 663 (Ala. 1985). Accord Stabler v. City ofMobile, 844 So.2d 555 (Ala. 2002).
 "The first rule of statutory construction is that the intent of the legislature should be given effect. Ex parte McCall, 596 So.2d 4 (Ala. 1992); Volkswagen of America, Inc. v. Dillard, 579 So.2d 1301 (Ala. 1991). However, when possible, the intent of the legislature should be gathered from the language of the statute itself. Dillard, supra. Thus, where the language of the statute is plain, the court must give effect to the clear meaning of that language. Ex parte United Service Stations, Inc., 628 So.2d 501
(Ala. 1993); IMED Corp. v. Systems Eng'g Associates Corp., 602 So.2d 344 (Ala. 1992)."
Beavers v. Walker County, 645 So.2d 1365, 1376-77 (Ala. 1994).
Neither this Court nor the Court of Civil Appeals has decided whether a mailing constitutes the filing of a claim required by §11-47-23 and by § 11-47-192. In Olsen, supra, the issue before the Court of Civil Appeals was whether the mailing of a notice of appeal complied with the filing-an-appeal requirements of §25-4-91(e)(1), Ala. Code 1975, which provided:
 "`(e) Finality of determinations and notice of payment.
 "`(1) Unless any party to whom notice of determination is required to be given shall, within seven calendar days after delivery of such notice or within 15 calendar days after such notice was mailed to his last known address, file an appeal from such decision, such decision shall be deemed final. . . .'"
441 So.2d at 972. Although the employer contesting the unemployment compensation determination mailed notice of the appeal within the 15-day period, the Department of Industrial Relations never received the notice. After the statutory time for appeal had passed, the Department of Industrial Relations ruled that the determination had become final. Thereafter, the employer requested a redetermination pursuant to § 25-4-91(c) on the ground that the applicant had misrepresented the facts of her claim. Ruling that, because the determination had become final, the employer was not entitled to a hearing on the merits, the appeals referee denied a redetermination of the claim. The employer appealed to the circuit court. The circuit court held that the mailing of the notice of appeal satisfied the filing requirements of § 25-4-91. The circuit court remanded the case for a hearing on the merits. The Department of Industrial Relations and the claimant then appealed. Upon that appeal, the Court of Civil Appeals explained and held:
 "The word `file' has never been defined in the context of § 25-4-91.
 "Based upon consideration of several factors, we find that merely mailing notice of appeal within the time is not a *Page 177 
`filing' as intended by § 25-4-91(e)(1). . . .
 "At the outset we note that a statute will be given its plain meaning and the language in a statute should be considered to mean what it says. Ex parte Madison County, 406 So.2d 398 (Ala. 1981); Quick v. Utotem of Alabama, Inc., 365 So.2d 1245
(Ala.Civ.App. 1979).
". . . .
 "The Supreme Court of Alabama has also addressed the question of whether mailing within the time constitutes a `filing.' [In] In re State, ex rel. Attorney General, 185 Ala. 347, 64 So. 310 (1914), the Court held that an application for rehearing in an appellate court that was mailed and reached the clerk's office a day late was not properly filed according to the statute. The Court went on to state that the mail is only the agent or agency of the party applying for rehearing and the chance of delay is always a contingency, the happening of which the applicant must assume. Also, in Ex parte State ex rel. Breitling, 221 Ala. 398, 128 So. 788 (1930), the Supreme Court held that the word `file' in the statute providing for commencement of a suit on `filing' a complaint requires delivery to the official required to file papers. In Breitling the complaint was placed in the court clerk's mail box where is remained until the time had lapsed.
 "We feel obligated to caution at this point that we in no way are dealing with the merits of the case at bar in relation to the merits of the cases cited above. We discuss these cases only for historical and definitional purposes.
". . . .
 "Considering the use of the word in the context of Alabama's statute, it appears that `files' requires receipt of the appeal within the time limit. The legislature provided in § 25-4-91 that an interested party has seven days from the delivery of the notice within which to appeal. It further provided that where notice is mailed, the interested party has fifteen days to appeal. It appears to this court that the extra days are allowed when the mail is used in order to give the interested party sufficient time to receive the notice of determination and perfect an appeal. To now hold that the appeal is filed when mailed would be to, if [sic] effect, extend the time provided by the statute. This is so especially since the legislature recognized that use of the mails should allow a longer time period in which to appeal.
". . . .
 "Needless to say, we should not be understood as holding that an appeal under § 25-4-91 can never be mailed, only that it must be received within the time limit."
Olsen, 441 So.2d at 973-74. Concluding that the employer had not timely filed an appeal from the unemployment compensation determination, the Court of Civil Appeals reversed the judgment of the trial court.
The holding of the Court of Civil Appeals in Olsen is consistent by analogy with the requirements for a filing contained in the Alabama Rules of Civil Procedure and the Alabama Rules of Appellate Procedure. Rule 3(a), Ala. R. Civ. P., provides that "[a] civil action is commenced by filing a complaint with the court." Rule 5(e), Ala. R. Civ. P., defines filing with the court as "[t]he filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge. . . ." Rule 25, Ala. R.App. P., provides *Page 178 
 "(a) Filing. Papers required or permitted to be filed in an appellate court shall be filed with the clerk. Filing may be accomplished by mail addressed to the clerk, but filing shall not be timely unless the papers are received by the clerk within the time fixed for the filing, except that papers shall be deemed filed on the day of mailing if certified, registered, or express mail of the United States Postal Service is utilized."
Thus, Rule 25 implies that a mailing generally does not constitute a completed filing and that only an express provision in the law can impart completed filing status to a mailing.
Perry cited Rule 5(b), Ala. R. Civ. P., to the trial court for the proposition that "[s]ervice by mail is complete upon mailing." The defect in this argument is that neither § 11-47-23
nor § 11-47-192 provides for "service by mail" or filing by mail. Perry abandons this argument before us.
Other than factually distinguishing his case from Olsen on the basis that his notice of claim was not a notice of appeal, Perry does not explain why the holding in Olsen does not inform the issue of whether mailing a claim against a municipality constitutes a filing. Furthermore, all three of the foreign cases cited by Perry, Laffey, Loeloff, and Sweeney, supra, for the proposition that mailing a claim is the same as filing a claim, are factually distinguishable.
In Laffey, supra, a worker mailed his workmen's compensation claim petition to the Workmen's Compensation Bureau within the time required by statute. The claim petition was lost in the mail and never delivered. At the suggestion of "the board," the employee filed a substituted petition. After hearings, the board awarded the employee benefits for total disability. Appealing, the employer asserted that the employee's petition was untimely filed. Holding that a mailing, without receipt of the claim petition within the time allowed, did not constitute a filing, the lower court entered judgment in favor of the employer. The employee then appealed. In reversing the judgment of the lower court, the Pennsylvania Superior Court held that the legislature had expressly stated that a workmen's compensation claim could be mailed or delivered to the Workmen's Compensation Bureau within the time required.
In Loeloff, supra, the Supreme Court of New Jersey affirmed the judgment of the Court of Common Pleas holding that a mailing pursuant to the provisions of a particular statute constituted a filing. The court held that a workmen's compensation statute which required an employer to send a copy of the first report of accident to the Department of Labor and to file certain forms by mailing the forms to the Workmen's Compensation Bureau allowed the mailing as well as the receipt to constitute the filing.
In Sweeney, the plaintiff was injured on March 15, 1913, when she tripped on a "defective cover over a hole in the sidewalk."225 N.Y. at 273, 122 N.E. at 244. On March 18, 1913, the plaintiff's father mailed a letter to the finance department of the City of New York. The letter stated the time of the accident and the alleged negligence by the City. The finance department received the letter. On March 27, 1913, the "corporation counsel" for the City received the letter. Thereafter, an investigator from the finance department interviewed the plaintiff. On June 18, 1913, the plaintiff's father sent a second letter to the finance department. Referring to the accident, he stated that, if he did not hear from the finance department within a few days, he would refer the matter to an attorney. On June 20, 1913, the finance department sent the second *Page 179 
letter to the corporation counsel. When the plaintiff sued the City, it moved to dismiss on the ground that the notice was insufficient. The lower court dismissed the complaint and the plaintiff appealed. The applicable New York statute provided that
 "`[n]o action to recover damages for personal injuries sustained because of its negligence may be maintained against the city of New York unless notice of an intention to begin such action and of the time and place where the injuries were received shall have been filed with the corporation counsel within six months after the cause of action shall have accrued. (Laws of 1886, Chapter 572.)'"
Sweeney, 225 N.Y. at 273, 122 N.E. at 244. Since the corporation counsel had received both notices within the six months, the New York Court of Appeals held that "[w]hether [the plaintiff] does [file the claim] personally or by mail is, we think, immaterial, so long as it is actually received."Sweeney, 225 N.Y. at 275, 122 N.E. at 244. Concluding that the plaintiff's notice of claim had been filed and received within the requirements of the statute, the New York Court of Appeals reversed the judgment of the lower court.
Unlike the text of the foreign statutes in Laffey andLoeloff, the text of the Alabama statutes in the case now before us does not include provisions for mailing that allow a construction recognizing a mailing as a filing. Unlike the timely receipt in Sweeney, the receipt in the case now before us was not timely.
Perry has not presented this Court with any authority or any compelling legal reason to hold that a mailing of a claim against an Alabama municipality, without receipt of the claim, is a presentment or a filing within the meaning of § 11-47-23 and §11-47-192. As the Olsen court observed, § 11-47-23 and §11-47-192 do not prohibit the mailing of the claim by the plaintiff, but they do require the receipt of the claim by the city clerk within the specified six months as a condition precedent to further prosecution of the claim in court. Therefore, the summary judgment in favor of the City of Birmingham is due to be affirmed.
AFFIRMED.
NABERS, C.J., and HOUSTON, LYONS, and WOODALL, JJ., concur.