WOODALL, Justice.
James Stanley Wilbanks appeals from a summary judgment for United Refractories, Inc. (“United”), a company supplying equipment used in the repair of coke-oven batteries, in Wilbanks’s action against United seeking damages for personal injuries he sustained from an explosion involving a ceramic welding machine (“the welder”) supplied to Wilbanks’s employer by United. We affirm.

I. Factual and Procedural Background

The relevant evidence viewed, as it must be, in a light most favorable to Wilbanks, shows the following. Wilbanks was injured on February 8, 2008, while working as an employee of Drummond Company, Inc. (“Drummond”), at Drummond’s coke plant in Tarrant. The welder he was working with when he was injured was manufactured and owned by Coal Products Limited (“CPL”). Drummond had possession of the welder by means of a license between CPL and United, through which United supplies such welders to Drum-mond and similar companies. Under the license, United agreed, among other things, to “maintain the [welders] in good working order.”
At the time of the accident made the basis of this action, a coworker of Wil-banks’s was using the welder to repair a coke oven. The welder incorporates a stainless-steel lance approximately 11 feet long. At one end of the lance is a nozzle, which the operator brings into close contact with the surface to be repaired. The other end of the lance is attached to a “mixing chamber,” which mixes and introduces into the lance (1) oxygen and (2) “ceramic powder” pushed by compressed air. Oxygen is fed into the mixing chamber through an oxygen valve (“the valve”), which is attached to a hose, which, in turn, is attached to a large oxygen tank. The powder is introduced into the mixing chamber by compressed air through a powder hose, which is attached at its other end to a machine that serves as the powder-supply source. Ignition occurs at the repair point when the mixture of powder and oxygen exit the nozzle.
On the day of the accident, Wilbanks was a member of a three-person welding team engaged in the process of repairing a coke oven. One of the team members, who was standing on a scaffold as he held the lance, handed the lance to Wilbanks, who was at ground level, with the remark that there was insufficient powder coming through the lance. As he had been trained to do, Wilbanks then undertook to examine the lance and attached paraphernalia to determine the source of the apparent blockage.
Having first observed that the valve was turned in the “off’ position, Wilbanks cooled down the lance by spraying it with water. He then removed the lance from the mixing chamber and examined the lance and determined that it was clear of obstruction. However, as he attempted to remove the powder hose from the mixing chamber, an explosion occurred, causing the loss of his left hand and burns to other portions of his body.
On February 5, 2010, Wilbanks sued United. The complaint alleged that Wil-banks was injured as the result of the “failure]” of “the subject equipment” and that United had “negligently and/or wantonly fail[ed] to properly inspect and maintain the subject equipment and its component parts.” United moved for a summary *474 judgment, contending, among other things, that there was no genuine issue as to causation and that Wilbanks had failed to create such an issue by presenting substantial evidence of any causal relationship between his injuries and the alleged negligence or wantonness of United. The trial court granted the motion, citing the absence of evidence of causation, and Wil-banks appealed. The dispositive issue on appeal is whether Wilbanks presented evidence of causation sufficient to withstand United’s summary-judgment motion.

II. Discussion

“‘Summary judgment is appropriate only when “there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.” ’ Perry v. City of Birmingham, 906 So.2d 174, 175 (Ala. 2005) (quoting Ala. R. Civ. P. 56(c)(3), and citing Dobbs v. Slielby County Econ. & Indus. Dev. Auth., 749 So.2d 425 (Ala.1999)). ‘The court must accept the tendencies of the evidence most favorable to the nonmoving party and must resolve all reasonable factual doubts in favor of the nonmoving party.... In reviewing a summary judgment, an appellate court, de novo, applies the same standard as the trial court.’ Perry, 906 So.2d at 175.”
Clay Kilgore Constr., Inc. v. Buchalter/Grant, L.L.C., 949 So.2d 893, 896 (Ala.2006).
“The question of proximate causation is ordinarily one for the jury, if reasonable inferences from the evidence support the plaintiffs theory.” Gamer v. Covington Cnty., 624 So.2d 1346, 1349 (Ala.1993). However, the question “may be decided by a summary judgment if ‘ “there is a total lack of evidence from which the fact-finder may reasonably infer a direct causal relation between the culpable conduct and the resulting injury.” ’ ” Gooden v. City of Talladega, 966 So.2d 232, 240 (Ala.2007) (quoting Green v. Alabama Power Co., 597 So.2d 1325, 1328 (Ala.1992), quoting in turn Davison v. Mobile Infirmary, 456 So.2d 14, 24 (Ala.1984)).
“ ‘When the movant makes a pri-ma facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue.’ ” Pittman v. United Toll Sys., LLC, 882 So.2d 842, 844 (Ala.2003) (quoting Hobson v. American Cast Iron Pipe Co., 690 So.2d 341, 344 (Ala.1997)). “ ‘ “Substantial evidence” is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” ’ ” Long v. Wade, 980 So.2d 378, 383 (Ala.2007) (quoting Kmart Corp. v. Bassett, 769 So.2d 282, 284 (Ala.2000), quoting in turn West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)). However, “ ‘ “[ejvidence supporting nothing more than speculation, conjecture, or a guess does not rise to the level of substantial evidence.” ’ ” State Farm Fire & Cas. Co. v. Shady Grove Baptist Church, 838 So.2d 1039, 1041 (Ala.2002) (quoting McGinnis v. Jim Walter Homes, Inc., 800 So.2d 140, 145 (Ala.2001), quoting in turn Brushwitz v. Ezell, 757 So.2d 423, 432 (Ala.2000)).
Wilbanks’s theory of the cause of the accident centers on the valve. He posits that the explosion occurred as a result of an oxygen leak at the valve, which allowed oxygen to seep into the mixing chamber as he was attempting to remove the powder hose from the chamber. More specifically, he proposes that static electricity combined with leaking oxygen to create the explosion. According to Wilbanks’s theory, the valve was leaking, *475 either (1) because the valve had become excessively worn through use, or (2) because some “debris” had entered the valve through the oxygen supply, preventing complete closure of the valve. Although he attributes both of these conditions to United’s alleged “failure to properly inspect and maintain” the valve, Wilbanks testified by deposition that he “couldn’t even begin to speculate what caused [the accident].”
In that connection, Wilbanks presented deposition testimony from one of United’s representatives, who opined that, under the license pursuant to which United supplied the welder to Drummond, United had a duty to examine the welder and its component parts at Drummond’s coke plant, at a minimum, at less than annual intervals and perhaps even quarterly under certain conditions. Wilbanks also produced some evidence indicating that United had never visited the coke plant to examine the welder.
However, Wilbanks testified that the valve was routinely changed and replaced with a new oxygen valve by Drummond personnel and could have been replaced as often as weekly. Moreover, the replacements occurred, he testified, not because of malfunctions, such as those that allegedly caused this accident, but because of loose or missing handles. There was no evidence as to how long the subject valve had been in place at the time of the accident. Also, there was no evidence as to how long a valve would typically last before becoming excessively worn as alleged or before becoming clogged with debris. Thus, there was no evidence indicating that an inspection of the valve by United within the three months preceding the accident would have prevented the explosion. The evidence presented by Wilbanks raised, therefore, “nothing more than speculation, conjecture, or a guess” and fell short of “the level of substantial evidence” needed to overcome a properly supported summary-judgment motion. State Farm Fire & Cas. Co., 838 So.2d at 1041.

III. Conclusion

In summary, because Wilbanks failed to produce evidence of any causal relationship between his injuries and any alleged acts or omissions of United, United’s summary-judgment motion was due to be granted. The judgment entered for United is, therefore, affirmed.
AFFIRMED.
MALONE, C.J., and BOLIN, MURDOCK, and MAIN, JJ., concur.