This case arises from the decision of the Alabama State Health Planning Agency (SHPA) to grant a certificate of need (CON) to Mobile Infirmary to purchase a biliary lithotripter (BL).
Mobile Infirmary filed a letter of intent with SHPA on January 28, 1987, to apply for a CON to purchase a BL. A BL is a piece of modern equipment, not yet FDA approved, that would offer to some patients suffering with stones in the gallbladder or bile ducts an alternative to invasive surgery. The BL uses high frequency ultrasonic waves to break down the stones so they can pass through the body's system. Similar technology is being utilized successfully in the treatment of kidney stones and has proven to reduce risks, costs, and hospital stays, when compared to traditional invasive surgical procedures.
On February 2, 1987, SHPA sent a memorandum to "All Interested Parties" regarding the letter of intent. Springhill Memorial Hospital (appellant) received a copy of that memo and on February 12, 1987, through appellant's attorney, sent SHPA a letter voicing objections to the granting of a CON to Mobile Infirmary regarding the purchase of a BL.
On October 14, 1987, SHPA received Mobile Infirmary's CON application for purchasing a BL. SHPA sent notices to "All Interested Parties" on October 20, 1987, advising that a schedule of the review cycle would follow. Again, appellant was sent a copy of the notice. Publication in The Mobile PressRegister was requested on November 13, 1987, by SHPA. A review schedule was sent on November 13, 1987, to James D. Brooks, attorney for appellant, in response to his February 12, 1987, letter of objection.
On December 24, 1987, appellant's attorney sent a letter to SHPA detailing appellant's objections to the CON application and requesting to be placed on the speaker list in opposition to the application at the January 12, 1988, meeting.
The CON Review Board met in Montgomery on January 12, 1988, and heard sworn statements from several medical and administrative staff members of Mobile Infirmary. Only Mr. Brooks appeared on behalf of the appellant. After hearing the testimony and responses to questions it posed the various speakers, the CON Review Board approved the application.
Appellant filed a petition for judicial review with the circuit court in Montgomery County pursuant to § 41-22-20, Code Ala. 1975, (1982 Repl.Vol.), alleging inter alia, that the BL is experimental, and therefore that granting a CON is premature, and that the CON application was incomplete, inaccurate, and insufficient to support the SHPA determination. *Page 1350 
Mobile Infirmary filed notice of its intent to become a party. Both SHPA and Mobile Infirmary filed motions to dismiss alleging that appellant lacked standing to maintain an action for review of the CON application. Numerous memorandum briefs were submitted to the trial court by all parties, and there was a hearing on the motions on September 26, 1988. On September 29, 1988, the trial court dismissed the action due to appellant's lack of standing. This appeal followed that order.
The single issue on appeal is whether the appellant has standing to seek judicial review of SHPA's action under the Alabama Administrative Procedure Act (AAPA).
We note that § 22-21-275(14), Code Ala. 1975 (1984 Repl.Vol.), grants any applicant the right to judicial review of a SHPA decision on a CON. Here we have a situation where the appellant who is seeking review is not an applicant; therefore, that statutory review is not available to appellant.
Under § 41-22-25, Code Ala. 1975 (1982 Repl.Vol.), one may be granted rights under the AAPA that are in addition to rights created by any other statute. Section 41-22-20(a) of the AAPA provides that "[a] person who has exhausted all administrative remedies available within the agency (other than rehearing), and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter."
The instant case is similar to our recent case of StateHealth Planning Development Agency v. AMI Brookwood MedicalCenter, [Ms.Civ. 6503, Feb. 22, 1989] (Ala.Civ.App. 1989). (Counsel for appellant relies on our original opinion inBrookwood, supra, as released December 21, 1988. On rehearing, that opinion was withdrawn and a substitute opinion was released on February 22, 1989. That substitution changed matters not pertinent here). In that case, we held that the right of judicial review provided by the AAPA is broader than the judicial review permitted under § 22-21-275(14), Code Ala. 1975 (1984 Repl.Vol.), regarding CON applications, and therefore, the AAPA must control.
We again acknowledge that "[t]o obtain standing under the AAPA a person must meet three requirements. First, he must exhaust all administrative remedies; second, he must be involved in a 'contested case'; and third, he must be aggrieved by a final decision of an administrative agency. § 41-22-20(a), Code 1975 (1988 Cum. Supp.)." Brookwood, supra at 6.
Neither SHPA nor Mobile Infirmary questions whether appellant meets the first two requirements. The primary challenge concerns whether appellant was in fact aggrieved by the granting of the CON.
Appellant argues that granting Mobile Infirmary a CON for purchasing a BL "unfairly foreclosed, or at least significantly impaired" appellant's opportunity for the same technology due to the limited need for such specialized treatment.
Appellant contends that it is a competing health care facility providing similar services and located in the same health service area as Mobile Infirmary, the CON applicant, and that it will lose gallstone patients to Mobile Infirmary as a result of the BL technology available at Mobile Infirmary. That patient loss is a certainty.
We are not concerned here with whether the CON Review Board's decision to grant a CON to Mobile Infirmary to purchase a BL is proper, but merely whether appellant suffers aggrievement as a result of that decision and may properly challenge it.
In the instant case, appellant has demonstrated aggrievement in at least two ways. First, granting a CON to Mobile Infirmary for a BL affects appellant's opportunity to expand existing lithotripsy services should the technology allow such, and secondly, appellant will lose gallstone patients to Mobile Infirmary.
We find that appellant is aggrieved by SHPA's decision and is entitled to judicial review under the AAPA. The trial court erred in dismissing the petition for lack of standing. This case is due to be reversed and remanded for further proceedings.
REVERSED AND REMANDED. *Page 1351 
INGRAM, P.J., CONCURS.
RUSSELL, J., concurs in result.