ROBERTSON, Presiding Judge.
On August 2, August 27, and October 17, 1991, the Alabama Alcoholic Beverage Control Board (Board) sent letters to Walter J. Cudzik, d/b/a Tiki Beach Pub, Inc., notifying him that several protests had been filed against the renewal of his club liquor license.
*829 The Board held a hearing on the protests on November 14,1991, that was continued to and concluded on December 4, 1991. By a letter dated January 28, 1992, the Board notified Cudzik that it had voted not to renew his club liquor license. The Board found that he had operated his club in a manner that was prejudicial to the welfare, health, peace, temperance, and safety of the community by allowing minors to purchase and/or consume alcoholic beverages, and by allowing nonmembers to purchase alcoholic beverages in violation of state law. On February 11, 1992, the Board issued a corrected decision, again notifying Cudzik that it was denying the renewal of his club liquor license because he had operated his club in a manner that was prejudicial to the welfare, health, peace, temperance, and safety of the community by allowing minors to be furnished, to purchase and/or consume alcoholic beverages; by allowing nonmembers to purchase alcoholic beverages in violation of state law; and by being a public nuisance. The record indicates that Cudzik filed with the Board a motion for reconsideration, which was denied on March 16, 1992.
On April 15, 1992, Cudzik filed with the Board a notice of appeal. On May 15, 1992, Cudzik filed a petition for judicial review in the Montgomery County Circuit Court, requesting that it reverse the decision of the Board. On July 6, 1992, Phoenix Association, Inc., condominium owners and neighbors of the Tiki Club, and Bernard Donovan filed a motion to intervene in the case, a motion to dismiss, and an answer. On July 14,1992, Cudzik moved to dismiss the motion to intervene and to strike the answer of Donovan and Phoenix. On August 10, 1992, the trial court granted Donovan and Phoenix’s motion to intervene.
On October 5, 1992, Cudzik amended his petition for judicial review, requesting the trial court to reverse the Board’s decision. He alleged, among other things, that the decision violated §§ 41 — 22—16(a)(1), 41-22-16(b), and 41-22-20(g), Ala.Code 1975. On October 14, 1992, the trial court denied Donovan and Phoenix’s motion to dismiss. The record reflects that between December 28, 1992, and February 28, 1993, Cudzik and Donovan and Phoenix filed various motions, e.g. a motion to compel, a motion to quash, a motion to complete the record, and motions for summary judgment.
On July 16, 1993, after hearing oral arguments of counsel, the trial court entered a judgment reversing the decision of the Board. The trial court found that the Board had violated § 41-22-16, Ala.Code 1975, by failing to make “a concise and explicit statement of the underlying facts of record which support the findings [of fact]” as required by § 41 — 22—16(b). On August 2, 1993, Donovan and Phoenix filed a motion to vacate the judgment of the trial court, or in the alternative, to alter or amend the judgment. On September 13, 1993, the trial court denied Donovan and Phoenix’s motion to vacate the judgment.
Phoenix appeals. Cudzik cross-appeals, claiming that Phoenix lacked standing to intervene in Cudzik’s action seeking judicial review of the decision of the Alabama Alcoholic Beverage Control Board.
Phoenix argues that it was a party to the action before the Board and therefore, that it had a right to intervene in Cudzik’s action for judicial review of the Board’s decision. Section 41-22-3(6), Ala.Code " 1975, part of the Administrative Procedure Act, defines a “party” as:
“Each person or agency named or admitted as a party or properly seeking and entitled as a matter of right (whether established by constitution, statute or agency regulation or otherwise) to be admitted as a party, or admitted as an intervenor under section 41-22-14.... ”
The record reflects that Phoenix appeared before the Board as a “protest group”; Phoenix presented testimony and evidence in opposition to the renewal of Cudzik’s club liquor license. The record does not reflect that Phoenix was named as a party, admitted as a party, or that it sought to be, and was entitled to be, admitted as a party. Consequently, for Phoenix to be a party to the Board’s action it would have to have been admitted as an intervenor by the Board. Section 41-22-14, Ala.Code 1975, states:
*830 “In contested cases, upon timely application, any person shall be permitted to intervene when a statute confers an unconditional right to intervene, or when the applicant has an individual interest in the outcome of the case as distinguished from a public interest and the representation of the interest of the applicant is inadequate.”
The record of the Board’s hearing does not indicate that Phoenix ever applied to intervene as a party to the proceedings before the Board, nor does the hearing record indicate that Phoenix’s interests in the outcome of the case were distinguishable from a public interest and that its interests would have been inadequately represented without its intervening in the action. § 41-22-14, Ala. Code 1975. Therefore, we find that Phoenix was not a party to the Board’s hearing on the protests against the renewal of Cudzik’s club liquor license. Consequently, Phoenix would not have been entitled to appeal the renewal of Cudzik’s club liquor license had the Board voted to renew it.
However, the fact that Phoenix was not a party to the Board’s action did not prevent it from intervening in Cudzik’s action for judicial review of the Board’s decision if it had met with the requirements of § 41-22-20(d), ,Ala.Code 1975. Section 41-22-20(d), Ala.Code 1975, states, in part:
“The petition for judicial review in the circuit court shall be filed within 30 days after the filing of the notice of appeal or review. Copies of the petition shall be served upon the agency and all parties of record after the petition is filed with the court- Any person aggrieved may petition to become a party by filing a motion to intervene as provided in section 41-22-14....”
While the trial court benevolently allowed Phoenix to intervene, it erred in doing so. After carefully reviewing the record, we conclude that Phoenix was not entitled to intervene, pursuant to § 41 — 22—20(d), in Cudzik’s action for judicial review because Phoenix was not “aggrieved” by the Board’s decision. See Springhill Hospitals, Inc. v. Alabama State Health Planning Agency, 549 So.2d 1348 (Ala.Civ.App.1989). In fact, the record reflects that the Board’s decision denying the renewal of Cudzik’s club liquor license was exactly what Phoenix sought when it protested the renewal of Cudzik’s club liquor license. Accordingly, Phoenix was not aggrieved by the decision of the Board and, therefore, it lacked standing to intervene at the circuit court level. Consequently, Cud-zik’s contention that Phoenix lacked standing to intervene in his action for judicial review of the Board’s decision and to appeal the judgment of the trial court is correct. Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.