848 So.2d 269 (2002)
AUBURN MEDICAL CENTER, INC.
v.
ALABAMA STATE HEALTH PLANNING & DEVELOPMENT AGENCY and East Alabama Health Care Authority d/b/a East Alabama Medical Center.
2010257.
Court of Civil Appeals of Alabama.
October 11, 2002.
*270 Alvin T. Prestwood of Volz, Prestwood & Hanan, P.C., Montgomery, for appellant.
Mark D. Wilkerson and Keith S. Miller of Brantley, Wilkerson & Bryan, P.C., Montgomery, for appellee State Health Planning & Development Agency.
James E. Williams and J. Flynn Mozingo of Melton, Espy & Williams, P.C., Montgomery, for appellee East Alabama Health Care Authority.
PITTMAN, Judge.
Auburn Medical Center, Inc. (hereinafter "AMC"), appeals two interrelated administrative decisions of the Alabama State Health Planning and Development Agency (hereinafter "SHPDA"). The case was originally filed in the Montgomery Circuit Court on April 24, 2001, seeking judicial review of two SHPDA decisions, both rendered on February 28, 2001, and which became effective on March 8, 2001. One decision granted a certificate of need ("CON") to the East Alabama Health Care Authority d/b/a East Alabama Medical Center (hereinafter "EAMC") to provide specialty-care assisted living in Lee County, and the other decision denied AMC's request for a declaratory ruling regarding that CON application as well as other projects of EAMC. AMC had sought a rehearing of those decisions, and SHPDA denied the request by failing to act on it before April 18, 2001. AMC filed timely notices of appeal of both SHPDA decisions to the circuit court. On September 26, 2001, the trial court affirmed the decisions of SHPDA. AMC filed a postjudgment motion, which was denied on October 29, 2001. AMC filed its notice of appeal to this court on December 7, 2001.
Although this case was submitted on briefs on April 29, 2002, EAMC subsequently filed a motion to dismiss the appeal on August 14, 2002. We will address the motion to dismiss the appeal first.
In its motion, EAMC cites a June 14, 2002, Alabama Supreme Court decision, Ex parte East Alabama Health Care Authority, 847 So.2d 951 (Ala.2002), which held that AMC's CON had expired in June 1995. Accordingly, EAMC argues that AMC did not have standing to bring the original challenges before SHPDA and the circuit court, nor does AMC have standing now to bring this appeal. Upon a close examination of Ex parte East Alabama Health Care Authority, we must agree with this conclusion and dismiss the appeal due to lack of standing.
In Ex parte East Alabama Health Care Authority, our supreme court answered the crucial question: Did AMC's CON expire in June 1995 or was the time limitation tolled by the filing of a complaint under SHPDA's rules and regulations?
"SHPDA issued the present version of AMC's CON on December 7, 1992. Since [Ala. Admin. Code (SHPDA Rules and Regulations) ] § 410-1-11-.01 stipulates that a CON will expire after 12 months, AMC's CON was due to *271 expire in December 1993. However, § 410-1-11-.02 states in pertinent part:
"`The holder of the certificate of need must incur a firm commitment or obligation as defined by statute and these rules within the initial twelve (12) month period, or if extended, within the extension period. Should the obligation be incurred before the expiration date of the certificate of need, then the certificate shall be continued in force and effect for a period not to exceed one year, or:
"`(a) the completion of the construction project, where the certificate is for construction;....'
"On November 2, 1993, AMC entered into a construction contract ... thus incurring the commitment necessary to extend the duration of the CON beyond the December deadline. Under the terms of § 410-1-11-.02, AMC's CON was now due to expire upon completion of the construction of the hospital facility. However, § 410-1-11-.04 places a restriction on such an extension. That section states, in pertinent part:
"`If the holder of the certificate of need fails to commence the construction project within the time period stated in the construction contract or to complete the construction project within the time period stated in the construction contract, then the Certificate of Need shall be terminated and shall be null and void.'"
847 So.2d at 954. Our supreme court reviewed AMC's facility-construction contract and concluded that, because AMC's facility was not completed by the deadline imposed in its construction contract, AMC's CON expired in June 1995. 847 So.2d at 954. "AMC's CON had expired as a matter of law in accordance with SHPDA's Rules and Regulations in June 1995, and nothing in those rules gives SHPDA the power to resurrect it." 847 So.2d at 957.
The expiration of AMC's CON is essential to the resolution of this appeal. Without a valid CON, AMC has no legal right to provide medical services in Lee County. Therefore, AMC has no direct or individual interest in SHPDA's administrative decisions beyond that of a member of the public at large. "[S]tanding is an issue of subject-matter jurisdiction, and it does not have to be raised in the trial court to be considered by an appellate court." Birmingham Zoning Board of Adjustment v. Jackson, 768 So.2d 407, 408 (Ala.Civ.App. 2000).
Standing may be defined as a party's right to seek legal redress when "`the party has been injured in fact and [when] the injury is to a legally protected right.'" State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1027 (Ala.1999). If a party has no direct or discernable legal interest then he has no standing to challenge an administrative decision, nor can he challenge the decision of a trial court affirming that decision. Cf. Springhill Hosps., Inc. v. Alabama State Health Planning Agency, 549 So.2d 1348 (Ala.Civ.App.1989) (holding that the hospital, which stood to lose patients and whose expansion opportunities would be adversely affected by the agency action, had standing to appeal agency decision).
Once AMC's CON expired in June 1995, AMC no longer had a direct or legally defendable interest in any decisions of SHPDA regarding health care in Lee County. However, SHPDA's rules and regulations provide for two forms of third party involvement: (1) declaratory relief pursuant to Ala. Admin. Code (SHPDA Rules and Regulations) Rule 410-1-9-.01 (see also § 41-22-11, Ala.Code 1975, for the corresponding provision in the Alabama Administrative Procedure Act) and *272 (2) intervention pursuant to Ala. Admin. Code (SHPDA Rules and Regulations) Rule 410-1-9-.03 (see also § 41-22-14, Ala.Code 1975, for the corresponding provision in the Alabama Administrative Procedure Act). A declaratory ruling under Rule 410-1-9-.01 is available to "any person substantially affected" by an administrative rule or statute enforceable by an administrative agency. Rule 410-1-2-.18 defines an "affected person" as the applicant, or health care facilities in the same area, or persons who have a letter of intent to provide similar services. AMC meets none of these definitions.
Similarly, intervention under Rule 410-1-9-.03 is available to only three classes of persons: (1) a person who has standing to obtain injunctive relief under § 22-21-276, Ala.Code 1975, (2) a person who has a statutory right to intervene, and (3) a person who has an individual interest in the outcome of the case as distinguished from a public interest. Pursuant to § 22-21-276, Ala.Code 1975, a person entitled to injunctive relief is "any holder of a certificate of need that is adversely affected in the exercise of privileges thereunder by a violation [of Title 22, Chapter 21]" or is "a member of the public directly and adversely affected by such a violation." Because AMC's CON expired in June 1995, AMC is not entitled to relief under the first half of the statutory provision. While we recognize that a party may have standing to challenge an agency action without being the primary object of that action, Medical Ass'n of State v. Shoemake, 656 So.2d 863, 865 (Ala.Civ.App.1995), AMC makes no argument showing that it qualifies as a member of the public directly and adversely affected by SHPDA's decisions in this case.[1]
The only argument AMC makes with respect to standing is to state that it qualifies under § 41-22-11(a), Ala.Code 1975, as a person "substantially affected by a rule" to seek declaratory relief. However that same Code section requires that the petition "shall state with particularity facts sufficient to show the person seeking relief is substantially affected by the rule." § 41-22-11(a), Ala.Code 1975. AMC relied on the existence of its CON to establish its standing before SHPDA and on appeal to the trial court. Because our supreme court has decided that AMC's CON expired in June 1995, this argument fails.
"When a party without standing purports to commence an action, the trial court acquires no subject-matter jurisdiction." State v. Property at 2018 Rainbow Drive, 740 So.2d at 1028. Thus, if AMC had no standing to challenge SHPDA's decision to the trial court, the trial court had no jurisdiction to enter an order affirming SHPDA's decisions. We, too, have no jurisdiction to entertain AMC's appeal. We must, therefore, dismiss the appeal due to lack of standing on the part of AMC.
APPEAL DISMISSED.
THOMPSON, J., concurs.
YATES, P.J., and CRAWLEY, J., concur in the result.
YATES, Presiding Judge, concurring in the result.
"Justiciability is a compound concept, composed of a number of distinct elements. Chief among these elements is the requirement that a plaintiff have `standing to invoke the power of the court in his behalf.'" Ex parte State ex rel. James, 711 So.2d 952, 960 (Ala.1998), quoting Ex *273 parte Izundu, 568 So.2d 771, 772 (Ala. 1990). "Standing requires injury in fact." Kid's Care, Inc. v. Alabama Dep't of Human Res., 843 So.2d 164, 166 (Ala.2002). "`Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation.'" State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1028 (Ala.1999), quoting National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 255, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994).
"Mootness doctrine encompasses the circumstances that destroy the justiciability of a suit previously suitable for determination. It is not enough that the initial requirements of standing and ripeness have been satisfied; the suit must remain alive throughout the course of litigation, to the moment of final appellate disposition."
13A Charles A. Wright et al., Federal Practice & Procedure § 3533, at 211 (2d ed.1984)(footnote omitted).
In the present case, Auburn Medical Center, Inc. ("AMC"), had a certificate of need ("CON") to operate a hospital in competition with East Alabama Medical Center ("EAMC"), when it challenged EAMC's proposed construction of an assisted living and special-care facility. While this litigation was pending, the Alabama Supreme Court, in separate litigation, declared AMC's CON void. Ex parte East Alabama Health Care Auth., 847 So.2d 951 (Ala.2002). The present appeal is now moot, because AMC lost its interest in the litigation. Therefore, I concur in the majority's dismissal of this appeal.
CRAWLEY, J., concurs.
NOTES
[1] Indeed, AMC did not file a response to the appellees' motion to dismiss in this case.