This matter has previously been before this court. On the petition of the Jefferson County Department of Human Resources ("DHR"), the trial court entered an April 2, 2003, judgment in which it terminated the parental rights of E.V.W. ("the mother") to S.L.W. ("the child"), one of the mother's four children.[1] The mother appealed the April 2, 2003, termination judgment, and this court affirmed that judgment without an opinion. E.W. v. Jefferson County Dep't of HumanRes. (No. 2020736, Oct. 3, 2003), ___ So.2d ___ (Ala.Civ.App. 2003) (table). *Page 1213 
During the time in which the mother's appeal of the termination of her parental rights to the child was pending in this court, the trial court conducted a dispositional hearing in which the mother participated. After the release of this court's no-opinion affirmance in E.W. v. Jefferson County Department of HumanResources, supra, the trial court, on October 28, 2003, entered a dispositional judgment awarding permanent custody of the child to DHR for the purpose of allowing the child to be adopted. The mother appealed the dispositional judgment.
After this court affirmed the termination of her parental rights, the mother petitioned the supreme court for a writ of certiorari, and our supreme court granted that petition. However, on April 30, 2004, while the mother's current appeal of the dispositional judgment was pending in this court, our supreme court entered an unpublished order in which it quashed the writ it had issued with regard to her appeal of the termination judgment. Ex parte E.W. (No. 1030424, April 30, 2004), ___ So.2d ___ (Ala. 2004) (table). On that same date, April 30, 2004, the supreme court issued its certificate of judgment.
The mother raises two issues in her appeal from the dispositional judgment. However, this court may take notice of jurisdictional issues ex mero motu. Dunning v. New England LifeIns. Co., 890 So.2d 92 (Ala. 2003); Ex parte Fort JamesOperating Co., 871 So.2d 51 (Ala. 2003); and Alaplex Transp.,Inc. v. Rossen, 836 So.2d 901 (Ala.Civ.App. 2002). Lack of standing is a jurisdictional defect. Dunning v. New England LifeIns. Co., supra; State v. Property at 2018 Rainbow Drive,740 So.2d 1025 (Ala. 1999).
 "Standing . . . turns on `whether the party has been injured in fact and whether the injury is to a legally protected right.' Romer v. Board of County Comm'rs of the County of Pueblo, 956 P.2d 566, 581
(Colo. 1998) (Kourlis, J., dissenting) (emphasis added). See also NAACP v. Town of East Haven, 892 F.Supp. 46 (D.Conn. 1995). `One has standing to bring his complaint into court "if his stake in the resolution of that complaint assumes the proportions necessary to ensure that he will vigorously present his case."' Smith v. Potts, 293 Ala. 419, 422, 304 So.2d 578, 580 (1974) (emphasis added)."
State v. Property at 2018 Rainbow Drive, 740 So.2d at 1027-28.
In this case, the mother's parental rights have been terminated. The mother no longer has a "legally protected right" with regard to the child. Therefore, her appeal is due to be dismissed.
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY, PITTMAN, and MURDOCK, JJ., concur.
[1] The mother has also been before this court previously with regard to the termination of her parental rights to one of her other children In E.W. v. Jefferson County Department of HumanResources, 872 So.2d 167 (Ala.Civ.App. 2003), this court affirmed the termination of the mother's rights to S.W., another of her four children.