Richard Julius Wynn sued Dixie D. Kovar and a number of other defendants seeking to recover damages for injuries he alleged he sustained as a result of a collision between a vehicle he was driving and a vehicle driven by Kovar. Over the course of the litigation, the trial court entered judgments in favor of all defendants except Kovar. Wynn's claims against Kovar were ultimately tried before a jury.
At the trial, Wynn requested that the trial court charge the jury on the issue of negligence per se based on his allegation that Kovar had violated § 32-5A-90, Ala. Code 1975. The trial court did not include negligence per se as a part of its jury charge, and Wynn properly objected pursuant to Rule 51, Ala. R. Civ. P. The trial court overruled Wynn's objection.
The jury returned a verdict in favor of Kovar. On January 10, 2006, the trial court entered a judgment based on that verdict. Wynn filed a motion for a new trial; that motion was denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. Wynn timely appealed, and our supreme court transferred the case to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
The pertinent facts are not in dispute. On December 13, 2001, Kovar was traveling east on Interstate 20 ("I-20") in St. Clair County. The weather conditions were poor; a witness to the accident that *Page 85 
forms the basis for this dispute testified that rain varied between moderate to light and that the road was wet and "slick."
Another witness, who was traveling behind Kovar's vehicle immediately before the accident occurred, testified that his vehicle was traveling at a speed of 70 miles per hour and that he believed Kovar was traveling at approximately the same speed. Kovar, who has no memory of the accident or the events leading up to the accident, testified that she would have been cautious and driving at a lower speed in weather conditions such as those present at the time of the accident.
It is undisputed that Kovar's vehicle hydroplaned and that she lost control of the vehicle. Kovar's vehicle traveled to the right east-bound lane of the roadway; a witness testified that, at the time, he believed that Kovar's vehicle would exit the roadway on the right side of the roadway. However, Kovar's vehicle then spun around, crossed the east-bound lanes of I-20, and traveled through the median and into oncoming traffic in the west-bound lanes of I-20. As Kovar's vehicle entered the west-bound lanes of I-20, an 18-wheel tractor-trailer truck driven by Wynn (hereinafter "Wynn's truck") struck Kovar's vehicle. As a result, Wynn's truck jack-knifed, separated from its trailer, and turned over. One other 18-wheel tractor-trailer truck and another automobile were also involved in the collision; the extent of the injuries of the driver of the other truck is unclear, but the driver of the automobile was killed in the accident. Wynn suffered injuries to his neck, back, right knee, right foot, and right hand. Kovar was also seriously injured as a result of the accident.
On appeal, Wynn argues that the trial court erred in failing to charge the jury on the issue of negligence per se. Wynn maintains that Kovar violated one of Alabama's rules of the road, specifically § 32-5A-90, Ala. Code 1975, which governs driving on a divided highway. Wynn asserts that § 32-5A-90
forbids a vehicle from crossing a median on a divided highway such as I-20 and that Kovar violated that statute on December 13, 2001, when her vehicle crossed the median on I-20 and traveled into oncoming traffic, resulting in the accident that caused Wynn's injuries. Wynn insists that Kovar's alleged violation of one of the rules of the road constitutes negligence per se and that the jury should have been charged with the law pertaining to negligence per se.[1]
We agree with Wynn that the violation of one of the rules of the road will, generally speaking, be deemed to constitute negligence per se. See Consolidated Freight-ways, Inc. v.Pacheco-Rivera, 524 So.2d 346, 349 (Ala. 1988) (a violation of one of the rules of the road constitutes negligence per se);see also Carroll v. Deaton, 555 So.2d 140, 141
(Ala. 1989); and Simpson v. Glenn, 264 Ala. 519,88 So.2d 326 (1956). However, Kovar argued, and it appears that the trial court agreed, that she did not violate § 32-5A-90 on the date of the accident. Section 32-5A-90 provides:
 "Whenever any highway has been divided into two or more roadways by leaving an intervening space or by a physical barrier or clearly indicated dividing section so construed as to impede vehicular traffic, every vehicle shall be driven only upon the right-hand roadway unless directed or permitted to use another roadway by official traffic-control devices or police officers. No vehicle *Page 86 shall be driven over, across or within any such dividing space, barrier or section, except through an opening in such physical barrier or dividing section or space or at a cross-over or intersection as established, unless specifically prohibited by public authority."
(Emphasis added.)
In arguing that she did not violate § 32-5A-90, Kovar contends, among other things, that because she did not have control of her vehicle at the time it entered the median, she did not "drive" her vehicle "over, across, or within" the median between the eastbound and the westbound lanes of traffic on I-20. It is well settled that in interpreting a statute a court must "ascertain and give effect to the intent of the legislature in enacting the statute." IMED Corp. v. SystemsEng'g Assocs. Corp., 602 So.2d 344, 346 (Ala. 1992). "Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says." Id.
Section 32-5A-90 forbids a person to drive a vehicle into, over, or through a median. The word "drive" has been defined as "to operate the mechanism and controls and direct the course of (as a vehicle)." Merriam-Webster's CollegiateDictionary 381 (11th ed.2003). Black's LawDictionary 533 (8th ed.2004) defines the term "driving" as "[t]he act of directing the course of something, such as an automobile. . . ." Thus, the term "drive" connotes an action or active conduct in directing the course of a vehicle.
The evidence in this case indicates that Kovar lost control of her vehicle and that the vehicle veered to the right side of the roadway, turned, and then traveled into the median. The evidence established that Kovar did not have control over her vehicle at the time it traveled into the median and, therefore, that, when her vehicle traveled into the median, Kovar had taken no direct action to maneuver her vehicle into the median. We must conclude that the evidence in this case does not establish or indicate that Kovar drove her vehicle into the median and, therefore, that the evidence does not demonstrate that Kovar violated § 32-5A-90, Ala. Code 1975.
We hold that the trial court did not err in refusing to charge the jury on the issue of negligence per se based on an alleged violation of § 32-5A-90. Accordingly, we affirm as to this issue. Given that holding, we pretermit discussion of Wynn's argument that the trial court's refusal to charge the jury on the issue of negligence per se was prejudicial to his cause of action.
AFFIRMED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
[1] The trial court did charge the jury by reading §32-5A-90, Ala. Code 1975, and another one of the rules of the road, but it instructed the jury only that the violation of one of those statutes constituted prima facie negligence.