973 So.2d 369 (2007)
ALABAMA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT
v.
LEGAL ENVIRONMENTAL ASSISTANCE FOUNDATION, INC.
No. 2060026.
Court of Civil Appeals of Alabama.
May 11, 2007.
*371 Troy King, atty. gen., James L. Wright, assoc. gen. counsel and asst. atty. gen., and John P. Hagood, executive counsel and asst. atty. gen., Department of Environmental Management, for appellant.
David A. Ludder, Tallahassee, Florida, for appellee.
J. Lister Hubbard and Richard H. Allen of Capell & Howard, P.C., Montgomery, *372 for amicus curiae Alabama Pulp & Paper Council, in support of the appellant.
Thomas R. Head III and Thomas L. Casey III of Balch & Bingham, LLP, Birmingham, for amici curiae Business Council of Alabama and Alabama Coal Association, in support of the appellant.
THOMPSON, Presiding Judge.
The Alabama Environmental Management Commission ("AEMC") dismissed a request by the Legal Environmental Assistance Foundation, Inc. ("LEAF"), for a hearing on a civil-penalty order issued to Georgia Pacific d/b/a Fort James Operating Co. ("GP") by the Alabama Department of Environmental Management ("ADEM"). LEAF appealed the dismissal to the Montgomery Circuit Court, which entered a judgment reversing the dismissal and remanding the action to the AEMC for an evidentiary hearing. ADEM timely appealed the circuit court's judgment to this court.
This case presents a situation wherein a litigant admittedly is not injured or threatened with injury by an administrative order but nonetheless has sought a hearing and judicial review of the order. This court's decision depends upon the resolution of two interrelated issues. First, we must decide whether § 22-22A-5 and § 22-22A-7, Ala.Code 1975, as amended by Act No. 397, Ala. Acts 2003, validly entitle any person who commented on an ADEM penalty order to a hearing before the AEMC and to judicial review of any AEMC decision, or whether those sections as amended limit the right to a hearing and judicial review to persons aggrieved by the ADEM order. Second, based on our decision regarding the first issue, we must determine whether the circuit court had subject-matter jurisdiction to consider LEAF's appeal. Having reviewed the record and arguments of counsel, and having considered the statutes at issue in light of the constitutional limits of judicial power, we dismiss.

The Environmental Management Act
The procedural history of this case is best understood against the background of the Environmental Management Act ("the Act"), §§ 22-22A-1 to 22-22A-16, Ala. Code 1975, which governs the authority and procedures of ADEM and the AEMC. The Act was amended in 2003 to change certain language of § 22-22A-5 and § 22-22A-7. It is undisputed that the legislature enacted the 2003 amendments to the Act in response to a decision of the United States Court of Appeals for the Eleventh Circuit, namely: McAbee v. City of Ft. Payne, 318 F.3d 1248 (11th Cir.2003). In that case, a panel of the Eleventh Circuit Court of Appeals held that the Environmental Management Act, supra, and the Alabama Water Pollution Control Act, §§ 22-22-1 to 22-22-14, Ala.Code 1975, were not "comparable" to the federal Clean Water Act, 33 U.S.C. § 1319(g), for purposes of the "limitation-on-actions" provision of the Clean Water Act. The Alabama legislature subsequently enacted Act No. 397, Ala. Acts 2003, presumably to make the Environmental Management Act comparable to the federal Clean Water Act.
Section 22-22A-5(18)a authorizes ADEM to issue, orders assessing civil penalties to persons who violate certain environmental standards. As amended, that section also states, in relevant part:
"Before issuing any consent or unilateral order under this section, the department shall cause public notice to be published. . . . The notice shall . . . indicate that persons may submit written comments to the department and request a hearing on the proposed order within 30 days of the first date of publication. . . . After consideration of written comments, any *373 information submitted at the hearing, if one was held, and any other publicly available information, the department may issue the order as proposed, issue a modified order, or withdraw the proposed order. . . . Upon issuance of an order, the department shall also provide written notice of the order by regular mail to each person who submitted written comments on the proposed order that contain a current return address. The notice shall reasonably describe the nature and location of the alleged violation and the amount of civil penalty, contain a summary of any required corrective measures, provide instructions for obtaining a copy of the order, and indicate that persons who submitted written comments on the proposed order may, within 30 days of the issuance of the order, request a hearing on the order before the Environmental Management Commission in accordance with Section 22-22A-7."
(Emphasis added). All of the above-quoted language was added by Act No. 397, Ala. Acts 2003.
Section 22-22A-7 governs the authority and procedures of the AEMC; subsection (c) provides in relevant part:
"Upon a proper request made in accordance with subdivisions (1) or (2) of this subsection and any hearing procedures prescribed by the Environmental Management Commission, any person aggrieved by an administrative action of the department shall be entitled to a hearing before the Environmental Management Commission or its designated hearing officer. To obtain a hearing on any order assessing a civil penalty issued pursuant to subdivision (18) of Section 22-22A-5, an aggrieved person shall either be subject to the order or have submitted timely written comments on the proposed order in accordance with subdivision (18) of Section 22-22A-5.

". . . .
"(6) Any order of the Environmental Management Commission made pursuant to the above procedure, modifying, approving or disapproving the department's administrative action, constitutes a final action of the department and is appealable to the Montgomery County Circuit Court . . . for judicial review on the administrative record provided that such appeal is filed within 30 days after issuance of such order."
(Emphasis supplied.) The emphasized language was added by Act No. 397, Ala. Acts 2003.
The Title to Act No. 397, Ala. Acts 2003, states:
"To amend Sections 22-22A-5 and 22-22A-7, Code of Alabama 1975, relating to enforcement actions by the Alabama Department of Environmental Management, to provide public notice and an opportunity to comment on a proposed administrative order assessing a civil penalty, to provide for hearings before an order is finalized under certain conditions, to provide notice of the issuance of a final order to persons who submitted written comments on the proposed order, to increase the period for appeal of the order to the Environmental Management Commission, to allow parties who submitted written comments on a proposed administrative order assessing a civil penalty to obtain a hearing on the order before the Environmental Management Commission, and to allow persons who participated as parties in the hearing before the commission to seek judicial review of the action of the commission."
(Emphasis supplied.)
Regarding hearings, the AEMC's administrative rules state, in relevant part:

*374 "To obtain a hearing on any order assessing a civil penalty issued by the Department, an aggrieved person must either be subject to the order or have submitted timely written comments on the proposed order in accordance with Code of Ala.1975, § 22-22A-5(18)."
Ala. Admin. Code (ADEM) r. 335-2-1.04(2).
"A request for a hearing to contest an administrative action of the Department shall be made in writing and shall contain:
". . . .
"(c) a short and plain statement of the threatened or actual injury suffered by the person making the request as a result of the administrative action of the Department. . . . "
Ala. Admin. Code (ADEM) r. 335-2-1-.04(5). Alabama Admin. Code (ADEM) r. 335-2-1-.02 defines "aggrieved" as "having suffered a threatened or actual injury in fact."

Procedural History
On July 21, 2005, in accordance with the public-notice requirements of § 22-22A-5(18)a., Ala.Code 1975, ADEM published a proposed consent order that would assess civil penalties against GP for its violation of certain emission standards. On August 19, 2005, LEAF submitted written comments to ADEM in which it objected to the proposed order for various reasons. LEAF requested "that ADEM revise the draft order to address [specified] deficiencies," but it did not request a hearing before ADEM on the proposed order pursuant to the amended language of § 22-22A-5(18)a. On August 26, 2005, ADEM issued the consent order to GP without revising the order as LEAF had requested.
LEAF filed a request for a hearing with the AEMC on September 21, 2005. LEAF conceded that neither it nor any of its members had suffered an actual or threatened injury resulting from ADEM's issuance of the consent order to GP. Instead, LEAF argued to the AEMC that § 22-22A-5(18)a., as amended by Act No. 397, Ala. Acts 2003, entitles any person who commented on a proposed ADEM order to a post order hearing before the AEMC, regardless of whether such person was "aggrieved" by the order. ADEM moved to dismiss, asserting that LEAF lacked standing to pursue a hearing because LEAF had not suffered any threatened or actual harm as a result of the August 26, 2005, order to GP. ADEM also asserted that LEAF had not shown that it was "aggrieved" pursuant to § 22-22A-7(c), Ala.Code 1975, and Ala. Admin. Code (ADEM) r. 335-2-1-.04(5)(c), supra. On December 2, 2005, in accordance with the recommendations of the administrative law judge assigned to the matter, the AEMC granted ADEM's motion and dismissed LEAF's request for a hearing on the ground that LEAF did "not appear to be an aggrieved person within the meaning of ADEM Admin. Code. R. 335-2-1.02(b) and ADEM Admin. Code R. 335-2-1-.04(2)." LEAF filed a notice of appeal to the Montgomery Circuit Court on December 2, 2005, naming ADEM as an adverse party.[1]
ADEM moved to dismiss and later moved for a summary judgment on substantially *375 the same grounds it had asserted before the AEMC and on the additional ground that the circuit court had no subject-matter jurisdiction to hear the appeal because LEAF lacked standing before that court. On May 24, 2006, the circuit court entered an order finding that it had appellate jurisdiction to review the AEMC's decision pursuant to § 22-22A-7 (c)(6), Ala. Code 1975, and Art. VI, § 139(b), Ala. Const.1901 (off.recomp.) (formerly Amend. No. 328, § 6.01(b), Ala. Const.1901).[2] Specifically, based on the analysis of the Court of Appeals of Kansas in Nichols v. Kansas Government Ethics Comm'n, 28 Kan. App.2d 524, 18 P.3d 270 (2001), the circuit court reasoned that LEAF had standing before it because LEAF was aggrieved by the AEMC's order dismissing its request for hearing. Regarding the substance of LEAF's appeal, the May 24, 2006, order reversed the AEMC's decision and remanded the action with directions to grant LEAF's request for hearing. Based in part on the title to Act No. 397, Ala. Acts 2003, the circuit court found that "a person who comments on a proposed penalty order may obtain a hearing before the Environmental Management Commission on the issued penalty order without the necessity of suffering a threatened" or actual injury in fact." Following the denial of its post judgment motion by operation of law, ADEM filed a timely notice of appeal to this court.

Standard of Review
"In reviewing the determination of the Commission, this court's standard of review is the same as that of the trial court." Plumbers & Steamfitters, Local 52 v. Alabama Dep't of Envtl. Mgmt., 647 So.2d 793, 795 (Ala.Civ.App.1994). Because this case does not involve issues related to perfecting an appeal under § 22-22A-7(c)(6), Ala.Code 1975, our standard of review of the AEMC's decision is governed by the Alabama Administrative Procedure Act ("AAPA"), § 41-22-20, Ala. Code 1975.[3] Under the AAPA, this court may reverse administrative decisions only under limited circumstances:
"(k) Except where judicial review is by trial de novo, the agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. . . . The court may reverse or modify the decision or grant other appropriate relief from the agency action . . . if the court finds that the agency action is due to be set aside or modified under standards set forth in appeal or review statutes applicable to that agency or if substantial rights of the petitioner have been prejudiced because the agency action is any one or more of the following:
"(1) In violation of constitutional or statutory provisions;
"(2) In excess of the statutory authority of the agency;
"(3) In violation of any pertinent agency rule;
"(4) Made upon unlawful procedure;
"(5) Affected by other error of law;

*376 "(6) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
"(7) Unreasonable, arbitrary, or capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion."
§ 41-22-20(k), Ala.Code 1975. There "is no presumption of correctness afforded to the [AEMC's] legal conclusions or its application of the law to the facts." Medical Licensure Comm'n of Alabama v. Herrera, 918 So.2d 918, 926 (Ala.Civ.App.2005).

Analysis
This court's decision requires the resolution of two interrelated issues, one of statutory construction and one of subject-matter jurisdiction. Although jurisdictional questions typically require resolution before other issues, we find that the jurisdictional question presented in this case depends upon our interpretation of the statutes that are also at issue. Accordingly, we first turn our attention to the question whether § 22-22A-5 and § 22-22A-7, as amended by Act No. 397, Ala. Acts 2003, validly entitle any person who commented on an ADEM penalty order to a hearing before the AEMC and to judicial review of any AEMC decision, or whether those sections, as amended, limit the right to a hearing and judicial review to persons aggrieved by the ADEM order.
"The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute." IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992). "`However, when possible, the intent of the legislature should be gathered from the language of the statute itself.'" Perry v. City of Birmingham, 906 So.2d 174, 176 (Ala.2005) (quoting Beavers v. Walker County, 645 So.2d 1365, 1376 (Ala.1994)); Ex parte Lamar Advertising Co., 849 So.2d 928, 930 (Ala.2002). Therefore, in "determining the meaning of a statute, we must begin by analyzing the language of the statute." Holcomb v. Carraway, 945 So.2d 1009, 1018 (Ala.2006).
"Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect."
IMED Corp., 602 So.2d at 346; see also Wynn v. Kovar, 963 So.2d 84 (Ala.Civ.App. 2007). Stated differently, when "the language of a statute is plain and unambiguous, . . . courts must enforce the statute as written by giving the words of the statute their ordinary plain meaningthey must interpret that language to mean exactly what it says and thus give effect to the apparent intent of the Legislature." Ex parte T.B., 698 So.2d 127, 130 (Ala.1997); see also Perry, 906 So.2d at 176; Ex parte Lamar Advertising Co., 849 So.2d at 930; Beavers, 645 So.2d at 1376-77; Ex parte United Serv. Stations, Inc., 628 So.2d 501 (Ala.1993); and IMED Corp., 602 So.2d at 344.
The Alabama Supreme Court has explained that the role of the appellate courts "is not to displace the legislature by amending statutes to make them express what we think the legislature should have done. Nor is it [the appellate court's] role to assume the legislative prerogative to correct defective legislation or amend statutes." Siegelman v. Chase Manhattan Bank (USA), Nat'l. Ass'n, 575 So.2d 1041, 1051 (Ala.1991). "When determining legislative intent from the language used in a statute, a court may explain the language *377 but it may not detract from or add to the statute. . . . Courts may not improve a statute, but may only expound it." Siegelman, 575 So.2d at 1045.
These rules of statutory construction and their corresponding limits on this court's authority are founded in the separation-of-powers requirement of Art. III, § 43, Ala. Const.1901 (off.recomp.) As our supreme court has discussed:
"It is true that when looking at a statute we might sometimes think that the ramifications of the words are inefficient or unusual. However, it is our job to say what the law is, not to say what it should be. Therefore, only if there is no rational way to interpret the words as stated will we look beyond those words to determine legislative intent. To apply a different policy would turn this Court into a legislative body, and doing that, of course, would be utterly inconsistent with the doctrine of separation of powers. See Ex parte T.B., 698 So.2d 127, 130 (Ala.1997)."
DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 276 (Ala.1998).
In accordance with these principles, we look first to the plain language of § 22-22A-5 and § 22-22A-7, as amended by Act No. 397, Ala. Acts 2003. Section 22-22A-5(18)a. relates to ADEM's powers and procedures, not to those of the AEMC. It requires ADEM to
"provide written notice of the order by regular mail to each person who submitted written comments on the proposed order,"
and it requires that the notice
"indicate that persons who submitted written comments on the proposed order may, within 30 days of the issuance of the order, request a hearing on the order before the Environmental Management Commission in accordance with Section 22-22A-7."
(Emphasis supplied.) By this plain language, § 22-22A-5 (18) a. does not itself create a right to a hearing before the AEMC. Rather, for those who submitted written comments on a proposed order, it creates the right to receive from ADEM a notice with specifically defined content; particularly, among other things it provides, that those who submitted written comments may request a hearing "in accordance with Section 22-22A-7." By its express language, therefore, the only reference in § 22-22A-5(18)a. to a right to a hearing is subject to § 22-22A-7. Section 22-22A-5(18)a. must, therefore, be read in context with § 22-22A-7.
Section 22-22A-7 relates to the powers and procedures of the AEMC. The first sentence of subsection (c) creates a right to a hearing before the AEMC:
"Upon a proper request . . ., any person aggrieved by an administrative action of the department shall be entitled to a hearing before the Environmental Management Commission or its designated hearing officer."
(Emphasis supplied.) In creating the right to a hearing, this language defines those entitled to be heard as "any person aggrieved" by an administrative action of ADEM. By its plain language, therefore, § 22-22A-7 limits the right to a hearing to those persons "aggrieved" by an ADEM action.
The next sentence of § 22-22A-7(c) states:
"To obtain a hearing on any order assessing a civil penalty issued pursuant to subdivision (18) of Section 22-22A-5, an aggrieved person shall either be subject to the order or have submitted timely written comments on the proposed order in accordance with subdivision (18) of Section 22-22A-5."
*378 (Emphasis supplied.) This language establishes the procedural steps an aggrieved person must take in order to obtain a hearing on a § 22-22A-5(18) civil-penalty order. We do not view this sentence as a definition of persons "aggrieved," as LEAF advocates. In light of the limiting language of the preceding sentence in § 22-22A-7 (c), discussed above, and the placement of the word "shall," the language is procedural rather than definitional in nature. That is, instead of defining a person aggrieved as either one who is subject to the order or one who submitted comments, this sentence requires either that an aggrieved person shall be subject to the order or that an aggrieved person shall have submitted written comments to the order. The language, therefore, again describes those persons entitled to a hearing as "aggrieved."
Regarding judicial review of AEMC orders, § 22-22A-7(c)(6) provides that AEMC orders "made pursuant to the above procedure, modifying, approving or disapproving the department's administrative action . . . [are] appealable to the Montgomery County Circuit Court." By reference to "the above, procedure," this subsection refers to the hearing procedure that § 22-22A-7(c) limits to aggrieved persons. As a result, the judicial appeal authorized by § 22-22A-7(c)(6) contemplates appeals in which the complainant before the AEMC was aggrieved.
This court could find no Alabama case defining the term "aggrieved" as it is used in § 22-22A-7. However, the term is not ambiguous. Ala. Admin. Code (ADEM) r. 335-2-1-.02(b) defines "aggrieved" as "having suffered a threatened or actual injury in fact." Our supreme court has applied the term in Ex parte Marshall Durbin & Co. of Jasper, Inc., 537 So.2d 496 (Ala.1988). There, the Alabama Supreme Court found a company "aggrieved" under rule 335-2-1-.02(b) when the evidence showed that "it was threatened with having its annual sewer rates increased by about $85,000" and that "its rates [might] be lowered if [it were] successful in its challenge" to an ADEM action. 537 So.2d at 498. Additionally, as this court has discussed:

"Black's Law Dictionary 65 (6th ed.1990) defines `aggrieved party' as follows:

"`One whose legal right is invaded by an act complained of, or whose pecuniary interest is directly and adversely affected by a decree or judgment. . . . The word "aggrieved" refers to a substantial grievance, a denial of some personal, pecuniary or property right, or the imposition upon a party of a burden or obligation.'[[4]]
"(Emphasis added.)
". . . .
"In the present case there is no evidence that the [administrative] decision . . . either threatened or actually injured any property right or pecuniary interest of the [complainant]. The [complainant] thus failed to establish that it is `aggrieved' by the . . . decision."
Birmingham Racing Comm'n v. Alabama Thoroughbred Ass'n, Inc., 775 So.2d 207, 210 (Ala.Civ.App.1999). By its plain language, therefore, a "person aggrieved" under § 22-22A-7 is one who has suffered a threatened or actual injury, i.e., one who is somehow adversely affected by the ADEM action of which it complained.
Thus, by their plain language and when read together, § 22-22A-5 and § 22-22A-7, as amended, do not create a right to a *379 hearing before the AEMC for those who have not suffered threatened or actual injury or who are not somehow adversely affected by an ADEM action. Contrary to LEAF's argument, therefore, § 22-22A-5(18) does not create a right to hearing for persons, such as LEAF, who merely commented on a proposed ADEM order but were not aggrieved by it. The statutory language is clear and unambiguous, and this court is therefore bound to enforce it as written.
"Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect."
IMED Corp., 602 So.2d at 346 (emphasis supplied); see also Wynn v. Kovar, 963 So.2d 84.
The title to an act may serve as an aid to statutory construction; however, this court "should turn to extrinsic aids to determine the meaning Of a piece of legislation only if we can draw no rational conclusion from a straightforward application of the terms of the statute." DeKalb County, 729 So.2d at 277. Therefore, despite the language of the title to Act No. 397, Ala. Acts 2003, on which LEAF relies, under the long-established rules of statutory construction stated above, the language of § 22-22A-5 and § 22-22A-7 controls because it is not ambiguous.[5]
Based on the foregoing, we conclude that § 22-22A-5 and § 22-22A-7, as amended by Act No. 397, Ala. Acts 2003, do not entitle persons who were neither injured nor threatened with injury by an ADEM action to a hearing before the AEMC. Accordingly, because it was admittedly neither injured nor threatened with injury by ADEM's order assessing civil penalties to GP, LEAF was not entitled to a hearing before the AEMC under § 22-22A-5 and § 22-22A-7, as amended.
We next turn our attention to the determination whether the circuit court had subject-matter jurisdiction to hear LEAF's appeal. This "court may take notice of jurisdictional issues ex mero motu. . . . Lack of standing is a jurisdictional defect." E.V.W. v. Jefferson County Dep't of Human Res., 893 So.2d 1212, 1213 (Ala.Civ.App.2004); see also Auburn Med. Ctr., Inc. v. Alabama State Health Planning & Dev. Agency, 848 So.2d 269, 271 (Ala.Civ.App.2002). This court has stated:
"Standing may be defined as a party's right to seek legal redress when `"the party has been injured in fact and [when] the injury is to a legally protected right."' State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1027 (Ala.1999). If a party has no direct or discernable legal interest then he has no standing to challenge an administrative decision,. . . . "
Auburn Med. Ctr., 848 So.2d at 271. Furthermore, our supreme court has explained:
"In the absence of such an injury, there is no case or controversy for a court to consider. Therefore, were a court to make a binding judgment on an underlying issue in spite of absence of injury, it *380 would be exceeding the scope of its authority and intruding into the province of the Legislature. See City of Daphne v. City of Spanish Fort, 853 So.2d 933, 942 (Ala.2003) (The power of the judiciary . . . is "the power to declare finally the rights of the parties, in a particular case or controversy. . . . "` (quoting Ex party Jenkins, 723 So.2d 649, 656 (Ala. 1998)))."
Town of Cedar Bluff v. Citizens Caring for Children, 904 So.2d 1253, 1256 (Ala.2004).
LEAF was not aggrieved by ADEM's civil-penalty order to GP because it admittedly neither suffered nor, was threatened with injury by that administrative action. Consequently, § 22-22A-5 and § 22-22A-7, as amended, do not provide LEAF with a right to hearing before the AEMC or to judicial review of the AEMC's order. Contrary to the circuit court's reasoning, LEAF was not injured by the AEMC's dismissal of its request for a hearing. As a result of its complete lack of injury or threatened injury, LEAF lacked standing before the circuit court, and that court lacked subject-matter jurisdiction to consider the case.
"Without subject-matter jurisdiction, any judgment entered in the action is void, . . . and `[a] void judgment will not support an appeal.' Moore v. John Hancock Life Ins. Co., 876 So.2d 443, 448 (Ala. 2003)." Eagerton v. Second Econ. Dev. Coop. Dist. of Lowndes County, 909 So.2d 783, 788 (Ala.2005). The judgment of the circuit court is therefore void, and will not support this appeal. We therefore dismiss the appeal.
DISMISSED.
PITTMAN, J., concurs in the result, with writing, which THOMAS, J., joins.
BRYAN and MOORE, JJ., recuse themselves.
PITTMAN, Judge, concurring in the result.
Under the text of § 22-22A-5(18)a., ADEM is to provide notice to persons who submit comments on a proposed order in an enforcement action; that notice, among other things, is to indicate that such commenters "may, within 30 days of the issuance of the order, request a hearing on the order before the [AEMC] in accordance with Section 22-22A-7." Unlike the main opinion, I do not presume that the legislature intended such a mandatory notice to be meaningless; rather, I believe that the intent of § 22-22A-5(18)a. is to afford to nonparty commenters an expanded right to an administrative hearing before the AEMC. Nevertheless, I concur in the result to dismiss the appeal on the basis that LEAF was not a party or an aggrieved person entitled to judicial review of the administrative decision of the AEMC under the Alabama Administrative Procedure Act so as to invoke that court's subject-matter jurisdiction. See § 41-22-20(a), Ala.Code 1975, and Phoenix Ass'n, Inc. v. Cudzik, 641 So.2d 828, 830 (Ala.Civ.App. 1994).
THOMAS, J., concurs.
NOTES
[1] The AEMC also denied a motion to recuse that LEAF had filed requesting that a particular commissioner recuse himself from the case. LEAF discussed this motion in its brief on appeal; however, because the circuit court did not consider the matter and because LEAF did not properly raise it in a cross-appeal, we will not review the denial of that motion. Boswell v. Samson Banking Co., 368 So.2d 547, 551 (Ala.Civ.App.1979)("an appellee may not cross assign error without taking an appeal").
[2] "The legislature may create judicial officers with authority to issue warrants and may vest in administrative agencies established by law such judicial powers as may be reasonably necessary as an incident to the accomplishment of the purposes for which the agencies are created." Art. VI, § 139(b), Ala. Const. 1901 (off.recomp.).
[3] See Ex parte Plumbers & Steamfitters, Local 52, 622 So.2d 347 (Ala.1993); Plumbers & Steamfitters, Local 52 v. Alabama Dep't of Envtl. Mgmt., 647 So.2d at 794-95 ("because it concerns a matter unrelated to the perfecting of an appeal, judicial review of a decision of the Commission is governed by §§ 41-22-20 and -21").
[4] Black's Law Dictionary 73 (8th ed.2004) defines "aggrieved" as "having legal rights that are adversely affected; having been harmed by an infringement of legal rights."
[5] Although the parties and amici curia address the matter in their briefs, we are not confronted with the issue whether § 22-22A-5 and § 22-22A-7, as amended, are comparable to the federal Clean Water Act, 33 U.S.C. § 1319(g), for purposes of the "limitation-on-actions" provision of the Clean Water Act. Accordingly, we do not answer that question in this opinion.